## VAN METER et al. v. WESTGATE OIL CO. et al.

No. 25138.   May 8, 1934.

Harlan Deupree and Frank L. Wilkins, for plaintiffs in error.

McLaury & Hopps, for defendants in error.

BAYLESS, J. This is an appeal from a judgment of the district court of Oklahoma county, Okla., granting the Westgate Oil Company and the Grisson Oil Corporation, hereinafter referred to as applicants, a permit to drill an oil and gas well upon lot 20, block 12, Phillips & Mead East Side addition to Oklahoma City, Okla. The board of education, J. W. Van Meter, building superintendent of said city, and Oklahoma City, a municipal corporation, hereinafter referred to as protestants, have brought this appeal.

The protestants present seven assignments of error, but we deem it necessary to discuss only proposition 5, which is as follows:

"The plaintiffs are not entitled to this permit, as the well could not be drilled 50 feet from the street or property line in violation of the city ordinance."

The ordinance referred to being No. 3944, section 7, as follows:

"No well for the production or mining for petroleum or natural gas shall be drilled or put down nearer than 50 feet from the property line of the tract on which such well is located."

It is conceded by both parties to the appeal that the permit to drill said well complies with all of the requirements of the city ordinances, except as to section 7, supra, and it becomes our duty to determine whether the trial court committed error in granting an exception to the provisions of section 7, supra.

The evidence introduced by applicants upon which they base their right to drill this well showed, in substance, that they had an area of two and one-half acres, which was a sufficient area under the ordinances, but that they had not been granted permits to drill as many wells per a given unit or acreage as others, and that nearby wells of other operators were draining their lease.

The applicants contend that the judgment of the trial court is correct in that said ordinances provide that "* * * said board shall make any equitable order in relation thereto which may be proper in order that substantial justice may be done," and also pro-

vides at subdivision C, section 2, "* * * have authority and shall make any requirements, regulations, or orders which may be necessary, proper, or equitable for all persons interested therein." The applicants also contend that the spirit of the ordinances will not be violated by a breach of the 50-foot property line requirement, inasmuch as they are not attempting to drill within restricted areas as otherwise provided in said ordinances.

They also contend, in substance, that they have sufficient area to receive a permit, that other operators in the past have been granted permits in violation of certain sections of the ordinance in this particular area, and that other operators have been permitted to drill wells on considerably less area than those parties have been permitted to drill upon therein.

The city contends that the court had no power to grant an exception to the ordinance in violation of the provisions of section 7, supra, under the record in the instant case. Does the evidence in the record support the judgment of the court?

We said in Anderson-Kerr v. Van Meter, 162 Okla. 176, 19 P. (2d) 1068:

"The governing body of the city has a right to regulate the oil industry and the drilling of wells in its corporate limits or prohibit them from beng drilled in certain designated territory"

—and, further, in discussing the rule with reference to findings of conditions precedent to granting exceptions, we also said:

"First, that the granting of such permit would not be contrary to public interest; second, that the literal enforcement of the provisions of the ordinance will result in unnecessary hardship; third, that by granting the permit contrary to the provisions of the ordinance, that 'the spirit of the ordinance shall be observed'; fourth, that by the granting of such permit 'substantial justice be done.'"

The language of the journal entry of judgment is general, and, under an oft-repeated rule of this court, it must be accorded all of the presumptions of correctness permissible under the record. At the close of all of the evidence, and upon the submission of the case to the court, the court made the following statement:

"I might hear briefly from the applicants. I don't think this well is necessary to protect the property. I don't see any necessity for any exception under the ordinance. * * * I don't think the evidence on drainage is material. I don't think the evidence shows it is necessary to grant an exception, and that will be the decree of the court. * * * Very well. I think you are properly protected on this drainage. In other words, I don't think it is necessary to drill this well upon there where you seek to drill it under an exception under the ordinance."

Then followed a dialogue between the court and counsel present, whereupon the court said:

"Let me see that map. (After examining the map and further argument of counsel, the proceedings were continued as follows): I would see no impediment to a well in block 12, if that is drilling area, but I cannot see any necessity for an exception to the ordinance. * * * A drilling permit will be granted on block 12, but under the terms of the ordinance. That is to say that the well shall not be placed under 300 feet from the east line of the property of the Bryant School, and that means the school grounds; the property used for school purposes. That will be the west line of Byers avenue. Not less than 300 feet from the west line of Byers avenue."

This last statement would indicate a complete reversal of opinion when compared to the language of the court first above quoted. This last statement would indicate that the trial court failed to consider that the permit violated the provisions of section 7, supra. The only impediment which could exist would be restrictions imposed by the ordinance. This is not language indicating the necessity of an exception to the restrictions of the ordinances in order to do justice, but rather is language indicating that the court believed applicants had sufficient area upon which to drill without violating any restrictions imposed by the ordinance. There is a lack of language to indicate that the court found any of the four conditions precedent to the exercise of the authority to grant an exception. The language of the court in the final statement is significant when he says in part: "A drilling permit will be granted on block 12, but under the terms of the ordinance." The court then proceeded to locate the well with due respect to two terms of the ordinance, but in utter disregard of a third term, the 50-foot property line restriction. Considering this apparent doubt in the mind of the court as exhibited between the first ruling (apparently refusing to find an exception) and the later ruling granting the permit (apparently, of necessity, upon an exception), we are forced to the conclusion that the record does not justify a presumption

of correctness of the judgment granting the permit. Rather the record fails to show support for any of the four conditions precedent to an exception.

Regarding the contention that other permits have been granted in similar situations, apparently in violation of all of the restrictions of the ordinances, we feel that our language in the case of Anderson-Kerr v. Van Meter, supra, disposes of this contention:

"Even though the board of adjustment may have permitted the drilling of other wells in violation of the literal terms of the ordinances, yet that fact would not give plaintiff in error precedent or right to insist in a court of equity that plaintiff in error should be permitted to do likewise."

The scheme of regulation adopted contemplates flexibility in order to avoid injustice, but not that the exceptions granted should serve as precedents as matters of right thereafter. Each application must be judged upon its merits.

The applicants argue for a construction of the rule with reference to exceptions which would grant exceptions as a matter of absolute right as an aid to equalizing as nearly as possible the taking from a common pool. In other words, they argue that if they can show that some other operator is taking a larger share than they are, the restrictions must fall in order to enable them to place themselves on a parity with the other operators. This is not the true construction to be placed upon this rule. The location of their leases may be such as to preclude them ever reducing to their possession a share of this oil equal to that of an operator upon the same amount of land or even less. The location of the competitors' lease with reference to the restricted areas may be more favorable than applicants, and applicants must suffer thereby, just as the property owner whose property is located in close-by areas where drilling is not permitted under any conditions. The most that the applicants can ask is that they be permitted to explore their property to the extent of acquiring for themselves an equitable portion of the oil from the common source, having in mind all of the circumstances entering into a consideration of such matter. As was said in the case of Marrs v. City of Oxford, 24 F. (2d) 546:

"It is practically impossible for each landowner to get his proper share of the oil or gas. If every lot owner leased on the same day, and every well was spudded in at the same instant, the sand would not be reached the same day. The frailty of men and machinery results in lost tools, parted casings, crooked holes, disabled power; the result is that some fortunate owner gets the flush production from his own and all his neighbor's land. Moreover, there is always a chance that oil companies will some time decline to drill on isolated lots, or in incomplete blocks; and this would enable * * * a stubborn owner to prevent any drilling in the block. Town lot drilling is a menace to the community, and an economic waste to the landowner, the oil operator, and the public."

In our opinion it is contrary to the spirit of the ordinances to strike down their restrictions in an effort to equalize production which may suffer by comparison with other production because of the unfavorable location of the property having production when compared with other properties.

In the case of I. T. I. O. v. Larkins, 168 Okla. 69, 31 P. (2d) 608, an exception to one or more provisions of the ordinances was granted. In that case the area upon which the permit was granted was less than a drilling area as defined by the ordinance and the location of the well violated the 50-foot property line restriction; however, the decision held that the owners of this property had attempted to bring themselves within the provisions of the ordinances by attaching their small tract of land to other drilling areas in order to share in some measure in the production in order to avoid violations of the restrictions of the ordinances. This attempt on their part had been successfully resisted. This resulted in these parties owning property within the drilling zone of Oklahoma City, but being utterly deprived of any right to share in the production because of a literal enforcement of the restrictions in the ordinances. This utter deprivation of the right to share or produce when contrasted with an effort to merely increase or equalize production, as in this case, destroys the asserted analogy between that case and this case.

Therefore we are of the opinion that the record in this case does not support the judgment of the trial court and that the judgment of the trial court is against the clear weight of the evidence, and that the trial court committed error when it granted a permit to drill this well as an exception to the 50-foot property line restriction, upon this record.

The judgment of the trial court is reversed and remanded, with directions to proceed in conformity with the views herein expressed.

RILEY, C. J., and SWINDALL, J., concur.

WELCH, J., concurring specially: I concur in the determination and disposition of this cause and the rule of law announced, but do not agree with the Larkin decision nor with its application here. McNEILL, J., concurs.