No. 12,452.

INLAND UTILITIES COMPANY ET AL *v.* SCHELL ET AL.
(285 Pac. 771)

Decided January 6, 1930.   Rehearing denied March 10, 1930.

Mr. LOUIS VOGT, Mr. JAMES A. MARSH, Mr. J. M. SWENSON, Messrs. STRACHAN & HORN, for plaintiffs in error.

Mr. WILLIAM C. ROBINSON, Mr. EARL J. MCCARTY, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

DEFENDANTS in error, residents, citizens, electors and

taxpayers in the incorporated town of Burlington, Colorado, on behalf of themselves and others similarly situated, sued plaintiffs in error, in equity, to enjoin the transfer by the town of Burlington to the Inland Utilities Company of its electric power system and the granting of a twenty-five year franchise to operate the same.

The complaint alleges that the electric system is an essential part of the waterworks of the town of Burlington; that the electric power is used for the pumping of water for town purposes; that without the power unit, the waterworks system is useless, there being no other method of furnishing water to the town than by pumping; that on May 6, 1929, the Inland Utilities Company, one of the plaintiffs in error, caused to be introduced Ordinance No. 202, entitled: ''An ordinance authorizing the sale to the Inland Utilities Company of that part of the waterworks system of the town of Burlington, Colorado, heretofore and now used for the generation, transmission and distribution of electrical energy and power, and authorizing the execution of a contract with said company covering said sale''; that thereupon said ordinance was adopted; that thereafter Ordinance No. 203, entitled: ''An ordinance directing the submission to the qualified electors of the town of Burlington, Colorado, for their approval or disapproval of a contract between said town and the Inland Utilities Company, dated May 6, 1929, providing for the sale by said town to said company of all the waterworks system of said town heretofore and now used for the generation, transmission and distribution of electrical energy and power, and providing for the grant by the town to said company of a franchise for a period of twenty-five years to erect, construct, operate and maintain in said town electric light works, and to use the streets, alleys and public grounds of said town for said period for constructing, operating, and maintaining therein and thereon or over or under the same all poles, lines, conduits, wires and other appliances necessary for the safe distribution and sale of electricity in said town

and all future additions thereto'' was adopted; that pursuant to a notice of election called for the purpose of ratifying the action of the board of trustees as taken by said ordinance, a pretended election was held on June 4, 1929, as a result of which, the contract of sale of said electric system was authorized by a vote of 115 for and 102 against; that the Inland Utilities Company claimed that said Ordinance No. 202, and the contract of sale therein described, was approved and ratified at said pretended election; and that thereby it has bought from said town the electric part of the waterworks system of said town as described in said ordinance and contract, and is entitled to a conveyance thereof, and it will demand and accept a conveyance thereof on July 1, 1929, unless it is restrained from so doing; that the board of trustees claims that said Ordinance No. 202, and the contract of sale of the electric plant of said waterworks system, were ratified and approved at said pretended election, and that the town has thereby sold said electric part of its waterworks system to the Inland Utilities Company, and will make conveyance thereof on July 1, 1929, unless restrained from so doing; that Ordinances No. 202 and No. 203 are null and void because ''they include the grant of a franchise by said town to said the Inland Utilities Company for a period of twenty-five years to use the streets, alleys, and public grounds of said town to· erect, maintain and operate an electric plant, and that such a franchise or any other franchise for such purpose cannot be granted by any such ordinances or any such elections'' and that the pretended election held pursuant thereto is null and void.

Other allegations in the complaint concerning the manner of adoption of said ordinances, illegal voting and irregularities at the election held pursuant thereto, and the illegal use of money by the Inland Utilities Company in connection therewith, all of which are denied, need not here be set out at length. Appended as exhibits and made

a part of the complaint are said Ordinances No. 202 and No. 203, the election notice and the contract.

Plaintiffs in error in their answer admit that the electric system was acquired as a part of the original waterworks system of the town of Burlington, but deny that it is an essential part of the waterworks system and cannot be sold as an independent unit; admit the passage of said ordinances and deny their invalidity; admit the notices of election, but deny their invalidity; admit that the Inland Utilities Company claims that Ordinance No. 202 and the contract of sale therein described, were approved and ratified at said pretended election, and that thereby it has bought from said town the electric part of the waterworks system of said town as described in said ordinance and contract and is entitled to a conveyance thereof, and will demand and accept a conveyance thereof on July 1, 1929, unless it is restrained from so doing; deny that said ordinance includes the grant of a franchise by said town to said the Inland Utilities Company for a period of twenty-five years, and that such a franchise or any other franchise for such purpose cannot be granted by any such ordinances or any such elections. Other denials are made as to allegations in connection with the manner of adoption of said ordinance and the selection of election judges, the alleged illegal votes and the improper use of money by the Inland Utilities Company. The replication denied new matter in the answer.

Plaintiffs filed a motion for judgment on the pleadings, among other charges, contending that Ordinances No. 202 and No. 203 are void because they attempted to grant a franchise to the Inland Utilities Company and were not passed pursuant to Compiled Laws 1921, sections 9172 and 9173 authorizing the granting of franchises.

The district court sustained the motion and ordered the temporary injunction theretofore entered made permanent, which ruling is now assigned as error, the contention being that under the pleadings such motion should have been denied and a trial had on the issues joined.

If the pleadings disclose affirmatively that said ordinances are void for any reason, the motion was properly granted, otherwise not. The sections above referred to provide:

"9172. * * * No franchise or license giving or granting to any person or persons, corporation or corporations, the right or privilege to erect, construct, operate or maintain a street railway, electric light plant or system, telegraph or telephone system within any city or town, or to use the streets or alleys of a town or city for such purposes, shall be granted or given by any city of the first or second class or by any incorporated town in this state in any other manner or form than by an ordinance passed and published in the manner hereinafter set forth. * * *.

"9173. * * * Any person or persons, corporation or corporations desiring to secure a franchise or license for any of the purposes in section 1 hereof named, shall cause a notice of his, its or their intention to apply to the board of trustees of any incorporated town or city council of any city of the first or second class for the passage of an ordinance granting such franchise or license, to be published in a newspaper of general circulation published in such city or town, for a period of not less than two (2) weeks in cities of the first or second class, and of not less than ten (10) days in incorporated towns, immediately prior to the next regular meeting of the board of trustees or city council, at which it is intended to apply for the passage of the ordinance granting or giving such franchise or license; and such notice shall specify the regular meeting of the board of trustees or city council at which it is intended to apply for such franchise or license, the name or names of the applicant or applicants therefor, a general description of the rights and privileges to be applied for, and the time for and terms upon which such franchise or license is desired. Such publication to be daily if there be a daily paper of general circulation published in such city or town, otherwise to be a weekly paper of general circulation, if any, published in such city or

town: *Provided*, That if there be no newspaper of general circulation published within the city or town, then and in such case, such notice may be published by posting copies thereof in six (6) public places for the same length of time. * * *''

The pleadings disclose that in adopting said ordinances no attempt was made to comply with the provisions of said sections. The publication required therein was not made. Plaintiffs in error contend that no franchise was granted by said ordinances and it was therefore unnecessary to comply with said sections. A determination of this matter requires an examination and consideration of the ordinances and the contract.

The pertinent portions of Ordinances No. 202 and No. 203 follow:

''Ordinance No. 202. An Ordinance authorizing the sale to The Inland Utilities Company of that part of the waterworks system of the Town of Burlington, Colorado, heretofore and now used for the generation, transmission and distribution of electrical energy and power, and authorizing the execution of a contract with said company covering said sale. * * *

''Whereas, The Inland Utilities Company, a corporation, proposed to enter into a contract with the Town of Burlington, Colorado, covering the purchase of said property for the sum of one hundred seventy-five thousand and no/100 dollars ($175,000.00), a description of said property and the terms and conditions of said sale being more fully described in a written contract presented to the Mayor and the Board of Trustees of said Town; which said contract and agreement is attached hereto and made a part hereof and marked 'Exhibit A,' and

''Whereas, In the judgment of the Mayor and the Board of Trustees of said Town, it is advisable that said contract be entered into by and between the Town and said The Inland Utilities Company, covering the sale of said property of the Town to said Company.

"Now, therefore, be it ordained by the Board of Trustees and the Town of Burlington, Colorado:

"Section 1. The Mayor and the Town Clerk of the Town of Burlington, Colorado, are hereby authorized and directed to execute in the name and for and on behalf of said Town, said contract with The Inland Utilities Company, a Corporation, covering the sale by said Town to said company, *all that part of the waterworks system of said Town heretofore and now used for the generation, transmission and distribution of electrical energy and current, including the entire Power Plant and electrical distributing system* owned by the Town, including all engines, generators, exciters, switchboards, poles, pole lines, wires, mains, conduits, transformers, meters, lightening [lightning] arresters, motors, street-lighting equipment, globes, and all other machinery, equipment, apparatus, fixtures and personal property whatsoever and wherever located, in use and not in use, relating to said plant and system, *including an electric light, heat and power franchise,* and including also the real estate upon which the plant aforesaid is located; said real estate being described as follows:" (description omitted).

"The consideration for the above described property shall be the sum of one hundred seventy-five thousand and no/100 dollars ($175,000.00) to be paid as in said contract provided.

"The property aforesaid shall not include any machinery, electrical equipment, apparatus, appliances or appurtenances used solely for the operation of the Town water plant.

"Section 2. Prior to the consummation of said contract of sale the question of said sale and the price to be paid for said property, and the other terms thereof, shall first be submitted to and ratified by the qualified property electors of said Town in the manner provided by law.

"Section 3. This Ordinance shall be in full force and

effect from and after its passage, approval and publication as provided by law.

"Passed and approved by the Mayor and Board of Trustees of the Town of Burlington, Colorado, the 6th day of May, A. D. 1929."

"Ordinance No. 203. An ordinance directing the submission to the qualified electors of the Town of Burlington, Colorado, for their approval or disapproval of a contract between said Town and The Inland Utilities Company, dated May 6th, 1929, providing for the sale by said Town to said company of all the waterworks system of said Town heretofore, and now used for the generation, transmission and distribution of electrical energy and power, and providing for *the grant by the town to said company of a franchise for a period of twenty five years to erect, construct, operate and maintain in said Town electric light works,* and to use the streets, alleys and public grounds of said Town for said period for constructing, operating and maintaining therein and thereon or over or under the same all poles, lines, conduits, wires and other appliances necessary for the safe distribution and sale of electricity in said Town and all future additions thereto.

"Whereas, a certain contract has heretofore been entered into by and between the Town of Burlington, Colorado, and The Inland Utilities Company, a corporation, dated May 6, 1929, by the terms of which contract said Town has contracted and agreed to sell to said company all that part of the waterworks system of said Town heretofore and now used for the generation, transmission and distribution of electrical energy and power for the sum of $175,000.00; said contract also providing for *the grant by the Town to said company, a franchise for a period of twenty-five years to erect, construct, operate and maintain in said Town electric light works,* and to use the streets, alleys and public grounds of said Town for said period for constructing, operating and maintaining thereon and therein or over or under the same all poles,

lines, conduits, wires and other appliances necessary for the safe and continued operation, delivery, distribution and sale of electricity in said Town, and all future additions thereto, a more complete description of said contract and terms and conditions thereof being contained therein; said contract being on file in the office of the Town Clerk.

"Whereas, the Board of Trustees of the Town of Burlington, Colorado, desires to submit to the qualified property electors of said Town, *for their approval or disapproval, the proposition of selling said property and franchise* to said The Inland Utilities Company for the consideration and upon the terms and under all of the conditions set forth in said contract.

"Now, therefore, be it ordained by the Board of Trustees of the Town of Burlington, Colorado:

"Section 1. That a special election shall be held in the Town of Burlington, Colorado, on the 4th day of June, 1929, for the purpose of submitting to the qualified property electors of said Town for their approval or disapproval the proposition of selling to The Inland Utilities Company for the sum of $175,000.00, all that part of the waterworks system of said Town heretofore and now used for the generation, transmission, and distribution of electrical energy and power, *and the granting by the Town to said Company of a franchise for a period of twenty-five years* to erect, construct, operate and maintain in said Town electric light works, and to use the streets, alleys, and public grounds of said Town for said period for constructing, operating and maintaining therein and thereon or over or under the same all poles, lines, conduits, wires and other appliances necessary for the safe and continued operation, delivery, distribution and sale of electricity in said Town and all future additions thereto, such sale to be made subject to the terms and provisions of said contract heretofore entered into by and between the Town of Burlington, Colorado, and the said The Inland Utilities Company.

"Section 2. The Town Clerk of the Town of Burlington, Colorado, is hereby authorized and directed to prepare and to cause to be published in the manner provided by law, an election notice setting forth the contract heretofore entered into by and between the Town of Burlington, Colorado, and The Inland Utilities Company, and the proposition to be voted upon, the location of the polling place and laws of opening and closing the polls."

Section 3 provides for the polling place and date of election and the following form of ballot:

"Shall the Town of Burlington, Colorado, sell to The Inland Utilities Company all that part of the waterworks system of said Town heretofore and now used for the generation, transmission, and distribution of electrical energy and power, including real estate, for the sum of $175,000.00, and *grant to said company a franchise for a period of twenty-five years* to erect, construct, operate and maintain in said Town electric light works, * * * such sale to be made upon the terms and subject to all provisions of a certain contract between said Town and said Company on file in this office of the Town Clerk."

The contract of May 6, 1929, referred to in said ordinances, provides for the sale of the entire electric power plant "including an electric light, heat and power franchise hereinafter referred to." This reference is to the following paragraph of said contract:

"The Town shall grant to the company an electric light, heat and power franchise for a period of 25 years, permitting the company to use the streets, alleys and public places of the Town in connection with constructing, operating and maintaining plants, poles, lines, conduits, wires, works and other appliances in connection with the operation, delivery, distribution and sale of electricity in said Town, and all future additions thereto."

By the express terms of this contract, the town of Burlington, acting by its trustees, agreed to sell to the Inland Utilities Company its electric power plant and a franchise to operate the same for a period of twenty-five

years. By the passage of Ordinance No. 202, this contract was attempted to be ratified and approved. By the passage of Ordinance No. 203, the town officials sought by an election to have the voters ratify or disapprove the sale of the electric power plant and the grant of a twenty-five year franchise to operate the same.

Notwithstanding the ingenious argument of plaintiffs in error that as a result of said election only the sale of the electric power plant was approved and no franchise to operate the same was thereby granted, in view of the specific and definite provisions of the contract and ordinances hereinabove referred to, we must conclude that the voters not only sought to authorize the sale of the electric power plant, but also to approve the provisions of said contract granting a franchise to the Inland Utilities Company to operate the same. Thus by indirection was sought to be accomplished the granting of a franchise which might not have been granted had the procedure prescribed by the statutes hereinabove quoted been followed.

An incorporated town is a creature of statute having only such powers, and the right to exercise the same only in such manner, as authorized thereby.

Ordinance No. 202 attempted to ratify the sale of the electric power plant and the grant of a franchise to operate the same. Ordinance No. 203 attempted to authorize a submission to the voters of Burlington the question of whether or not its electric power plant be sold and a franchise be granted. In adopting said ordinances, the procedure provided by section 9173 of the statute was not followed and they are therefore null and void. The invalidity thereof appearing affirmatively on the face of the pleadings, it was proper for the lower court to enter judgment on the pleadings and to grant the permanent injunction.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE BURKE concur.