**PHILLIPS PETROLEUM CO. et al. v. KITE et al.**

No. 24812.    Feb. 20, 1934.

H. K. Hudson, Ames, Cochran, Ames & Monnet, Embry, Johnson, Crowe & Tolbert, R. M. Williams, M. D. Green, W. N. Stokes, R. J. Price, George W. Grant, H. L. Stuart, and Twyford & Smith, for plaintiffs in error.

Harlan T. Deupree, Municipal Counselor, G. B. Fulton, Hayes, Richardson, Shartel, Gilliland & Jordan, and J. H. Vossbrink, for defendants in error.

ANDREWS, J. The district court of Oklahoma county, over the protest of the plaintiffs in error, entered its order directing the issuance of a permit to drill a well for oil and gas. From that order they appealed to this court.

It is admitted that the area of the tract on which it is sought to drill the well is less than that required by the provisions of ordinance No. 3944 of the city of Oklahoma City. The trial court made the order com-

plained of under the provisions of chapter 178, Session Laws 1923, providing for exceptions.

This court had under consideration the question of such exceptions in the case of Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P. (2d) 1068. Therein it held that it was necessary, before a permit could be granted under the exceptions provision, that four requirements be met, as follows:

"First. That the granting of such permit would not be contrary to public interest.

"Second. That the literal enforcement of the provisions of the ordinance will result in unnecessary hardship.

"Third. That by granting the permit contrary to the provisions of the ordinance, 'the spirit of the ordinance shall be observed.'

"Fourth. That by the granting of such permit 'substantial justice be done.' "

The facts shown by the record in this case are that one Meade owned a tract of land; that more than 30 years ago a portion of that tract was sold to one Hare and a strip of land 20 feet wide was sold to the city of Oklahoma City; that during all of the development of the Oklahoma City oil field it was thought that the land that had been sold to Hare adjoined the land that had been sold to the city; that the strip was included in a drilling area with the Hare tract by order in a proper proceeding; that that area was drilled and that the city was being paid its portion of the proceeds therefrom; that in 1932, a surveyor in the employment of Mr. Kite discovered, as he thought, as he testified, and as the trial court found, that the Hare tract did not adjoin the city strip and that there was an intervening strip varying from 24 feet at one end to 20.35 feet at the other; that the Meade heirs were informed that they owned that strip; that Mr. Kite procured a lease on the city strip; that he made application for a permit to drill thereon; that the Meade heirs filed an application to have the strip claimed by them attached to the city strip for drilling purposes, and that no effort had been made theretofore to have the strip claimed by the Meade heirs attached to any drilling area.

The ordinance and the statute in question make ample provision for the protection of the rights of the owners of tracts of land less in area than that provided by the ordinance, but the owner of such a tract must take advantage thereof, and he cannot sit idly by until the adjacent territory is blocked into drilling areas and then secure an order attaching his small tract of land to other land that had been included in a drilling area, for the purpose of having the land drilled independently of the area in which it had been included, and he cannot contend that drilling areas theretofore formed which did not include his land were illegally formed because he was not given notice thereof. If the Meade heirs own a strip of land, as they contend, they may apply for a permit to drill the same or they may apply to have it attached to other land, for drilling purposes, but they may not have it attached to land that has theretofore been included in another drilling area, and it may be, by reason of their delay in applying for a drilling permit, that they cannot establish a right to such a permit under the exceptions provision of the statute, supra, as construed in Anderson-Kerr, Inc., v. Van Meter et al., supra.

Since there has been no application to drill on the Meade tract, we are not confronted with the question of whether or not a permit could be granted for drilling thereon. We are confronted with the question of whether a permit can be granted to drill on the city strip after it has been attached to the Hare tract for drilling purposes. We hold to the contrary.

We pass without deciding whether or not the building commissioner, the board of adjustment, or the district court on appeal, in this kind of a proceeding, could lawfully find and determine the existence of what is referred to as the Meade strip. Whether or not that strip exists is a question of fact dependent upon whether or not the Hare tract adjoins the city strip. If the trial court, in this kind of a proceeding, had jurisdiction to find and hold that the Hare tract does not adjoin the city strip, by reason of its finding and holding that the Meade strip exists and intervenes the Hare tract and the city strip, the board of adjustment in the former proceedings had jurisdiction to find and hold that the Hare tract adjoined the city strip. Such was the effect of the order attaching the city strip to the Hare tract for drilling purposes. It is contended in this case that that order was void for the reason that the Meade heirs were not parties to that proceeding. Be that as it may, it was not void as to the city, for the city was a party thereto. The city did not appeal from that order and that order became final. The city cannot contend, in this collateral proceeding, that its strip did not adjoin the Hare tract. That order was not void if the tracts adjoined. Whether or not they adjoined was a question of fact. The trial court in this pro-

ceeding did not have jurisdiction to review the order made in the prior proceeding. If there was any jurisdiction to determine that question of fact, it was determined in that proceeding. It was likewise determined in cause numbered 70988 in the district court of Oklahoma county, wherein provision was made for the distribution of the production to the parties entitled thereto and wherein the Meade heirs were participants. If there was no jurisdiction to determine that question of fact in those proceedings, there is no jurisdiction to determine such a question of fact in this proceeding.

For the reasons stated, it is not necessary for this court to determine whether or not there is such a thing as the Meade strip, whether or not the rights of the Meade heirs have been lost by adverse possession, or any of the other contentions made herein.

The judgment of the trial court is reversed for the reason that it is against the clear weight of the evidence and contrary to law. The cause is remanded to that court, with directions to vacate the judgment and to deny the application for the permit.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., concur.