CITY OF SHAWNEE et al. v. REID BROS. PLUMBING CO. et al.

No. 33789. April 26, 1949.
Rehearing Denied July 5, 1949.

*207 P. 2d 779.*

Randall Pitman, of Shawnee, for plaintiffs in error.

Saunders & Van Wagner, of Shawnee, for defendants in error.

WELCH, J. Reid Brothers Plumbing Company, a copartnership composed of Sam Reid and R. J. Reid, and others, instituted this action against the city of Shawnee, a municipal corporation, and certain officials of the city to enjoin the enforcement of a certain city ordinance.

There was no dispute as to the facts in the case. The plaintiffs, all engaged in the plumbing business in the city of Shawnee, and all possessed with certificates of competency as master plumbers, refused to comply with city ordinance No. 816 and were threatened with arrest. Ordinance No. 816 provides:

"Section 1. A license fee shall be charged for each master plumber or a person desiring to open and operate a plumbing shop or plumbing business within the City of Shawnee, Oklahoma, in the sum of $50.00 per annum. A license fee for a journeyman plumber shall be $5.00 per annum. It shall be the duty of the City Clerk to issue a license to each applicant for a plumber's license who shall present to him a certificate of competency issued by the Board of Examiners, together with the bond required by ordinance for the same and upon payment of the license fee provided for herein. All licenses shall designate the class, whether master or journeyman plumber, and shall expire on December 31st following the date of issue and the fee shall be for the full or part year ending on said date. . . ."

The entire plumbing code of the city, of which ordinance No. 816 is a part, was introduced in evidence. It makes provision for a city plumbing inspector and for a Board of Examiners to pass upon the qualifications of persons seeking to do plumbing work. The code sets out standards of workmanship and standards of quality and kind of materials to be used in plumbing work and provides for the inspection of all plumbing work, and for a determination by the city inspector of whether or not such standards have been met. It provides that plumbers shall furnish bond guaranteeing workmanship and materials used in plumbing in accord with the prescribed standards, and to save the city from harm in the use of its property. It is provided that no plumbing work shall be done without permit from the city inspector. A fee for permit is provided and a schedule of inspection fees is set forth, all to be collected by the inspector before issuance of permit. Testimony was introduced that the sum of $4,770 was the annual cost to the city of maintaining its inspection department, which department handles all plumbing, electrical and building inspections for the city. It was shown that the income to the city during the same period and derived from fees and permits collected under building, electrical and plumbing regulations, was the sum of $5,073.30, exclusive of license fees.

The trial court entered judgment for the plaintiffs granting permanent injunction against the defendants from in anywise interfering with plaintiffs in the pursuance of their plumbing business because of a failure to pay the license fee provided in ordinance No. 816. The court ruled that the city had a right to regulate the business of plumbing, but found from the evidence that the license fee of $50 imposed by ordinance No. 816 was unreasonable and the ordinance invalid for the reason that the same is a revenue mea-

sure under the guise of a regulation, and that the amount of money received by said city in the regulation of its plumbing business is disproportionate and in excess of the cost of said regulation.

The defendants appeal. All assignments of error are presented under one proposition, namely, that the judgment is not sustained by the evidence and is contrary to the clear weight of the evidence.

It is conceded that power to impose the license fee rests upon a proper exercise of the city's police power as distinguished from its power to tax for revenue and that the ordinance is sustainable only under the rule that a municipal corporation under its power to regulate certain occupations or businesses may license and charge a reasonable fee to cover the expense of regulation.

As stated in McQuillin, Municipal Corporations Revised, sec. 1089:

"The prevailing rule is that under power to regulate the municipal corporation may license and charge a reasonable fee to cover the expense of regulation especially concerning those occupations wherein regulation and supervision appear necessary or desirable for the public good. . . ."

In section 1102 of the same text, in reference to the amount that may be imposed, it is stated:

"Where the exaction is imposed under the power to regulate or in the exercise of the police power, as distinguished from the power to tax for revenue, as heretofore explained, the general rule obtains that the sum levied cannot be excessive nor more than reasonably necessary to cover the costs of granting the license and of exercising proper police regulation. The nature of the business sought to be controlled and the necessity and character of police regulations are the dominating elements in determining the reasonableness of the sum to be imposed. What would be fair and reasonable in one kind of business might well be considered unfair and unreasonable in another kind. This difference has been made the basis for close distinctions. . . ."

The principles governing licensing occupations are stated in Fletcher v. Bay City, 247 Mich. 572, 226 N. W. 248, in the following oft-quoted language:

"The imposition of license fees as a condition to issuing a license when plainly intended as police regulations will be upheld if the revenue derived therefrom is not disproportionate to the cost of issuing the license and the regulation of the business licensed. Anything in excess of an amount which will defray such necessary expenses cannot be imposed under the police power alone, because it then becomes a revenue measure. What is a reasonable license fee must depend upon the sound discretion of the legislative body imposing it having reference to the circumstances and necessities of the case. It will be presumed the amount of the fee is reasonable unless it contrarily appears upon the face of the ordinance, by-law, or law itself, or is established by proper evidence. In determining whether a fee required for a license is excessive or not, the expense or amount of regulatory provisions and the nature of the subject of regulation should be considered, and, if the amount is wholly out of proportion to the expense involved, it will be declared a tax. If revenue is incidentally derived which is not so disproportionate as to make the fee charged unreasonable there can be no objection. . . ."

See Detroit Retail Druggists' Ass'n v. City of Detroit, 267 Mich. 405, 255 N. W. 217; Rock v. City of Philadelphia, 328 Pa. 382, 196 Atl. 59; City of Tucson v. Stewart, 45 Ariz. 36, 40 P. 2d 72.

In Mitchell v. City of Lawton, 124 Okla. 60, 253 P. 999, in the second paragraph of the syllabus, this court said:

"Where such police regulation requires a license to do certain things, and the license fee prescribed is in excess of the expense of issuing the license and regulating the business or carrying into effect the regulation, such regulatory provision is unauthorized, illegal and void."

The defendants in argument that the judgment herein is not sustained by the evidence and is contrary to the evidence directs attention to the testimony concerning the cost to the city of the maintenance of its inspection department and the estimate of the amount of that cost attributed to the issuance of permits for plumbing and to plumbing inspections. It is contended by the defendants that the question as to whether or not the $50 license fee charged master plumbers is a tax imposed for the purpose of revenue, or is a reasonable license fee charge for regulation purposes, depends upon the relation such charge bears to the expense of police supervision of the plumbing within the city.

As above noted, the plumbing code of the city sets out standards of workmanship and materials by which all plumbing shall be done and provides for an inspection department for the enforcement of these standards. These provisions are regulatory in their nature and unquestionably necessary for the protection of the public, but do not provide for police supervision of the plumbing occupation. It is evident that the enforcement of these provisions or the maintenance of an inspection department entails a considerable expense to the city, but it does not appear upon the face of these provisions that any additional burdens are imposed upon the city in the fact that persons are engaged in the plumbing business.

The only provisions in the city's plumbing code for the regulations of the occupation are the provisions concerning examination and certification of competency before engaging in the plumbing business and the provision that plumbers procure a surety bond of certain prescribed terms and amount and the provisions of ordinance No. 816 that certificate of competency be presented to the city clerk and such bond be filed with the clerk and a license be obtained from the clerk.

It is provided that applicants for certificates of competency pay a fee direct to the Board of Examiners who shall issue such certificate to those found worthy and no other compensation to the Board is provided. It does not appear that any expense to the city is involved in the examination or issuance of certificates of competency and likewise the securing of a surety bond by persons desiring to engage in the plumbing business is without expense to the city. Obviously, the issuance of the license and the filing of the bond as provided in ordinance No. 816 entails but slight expense and a fee of $50 therefor is far in excess of an amount which would defray such expense. Under the circumstances ordinance No. 816 appears to be a revenue measure and void as a regulation under the police power.

The trial court's judgment is not against the clear weight of the evidence.

The judgment is affirmed.