**CITY OF HARTSHORNE, a Municipal Corporation, Appellee,**

v.

**MARATHON OIL COMPANY and Amoco Production Company, Appellants.**

No. 50105.

Supreme Court of Oklahoma.

April 3, 1979.

Layden & Layden, McAlester, for appellee.

McAfee, Taft, Mark, Bond, Rucks & Woodruff, by Judson S. Woodruff and Philip D. Hart, Oklahoma City, for appellant, Marathon Oil Co.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, by C. Harold Thweatt, Oklahoma City, for appellant, Amoco Production Co.

DOOLIN, Justice:

The City of Hartshorne (City) enacted ordinance 412 dated October 5, 1970. Section 2(a) of this ordinance provides:

"2. Permits for drilling, maintaining and operating oil and gas wells in the City of Hartshorne shall be granted only after the following conditions have been met and performed:

(a) That payment of $100.00 shall be made to the City Clerk for the issuance of such permit and to cover cost and expense of inspecting the location and operation during the drilling phase of said well, and to cover the annual fee for the first year of operation and production if said well is completed as a producing well. That said producer of a *completed producing well shall assign to the City of Hartshorne a 1/16th override of the 7/8 working interest of all leases* pooled voluntarily or by force in any section which is within the City limits of said City of Hartshorne. *Said over-ride to be a part of the annual fee to the said City of Hartshorne for the inspection and regulation of said drilling site.*" (Emphasis supplied).

Marathon Oil Company and Amoco Oil Company, appellants herein, operate wells within the city limits of Hartshorne. Marathon refused to pay the over-ride required by this ordinance. Amoco paid under protest on one well and refused to pay on another.[1]

City filed the present action seeking a declaratory judgment[2] as to the validity of the required over-ride. Both defendants answered, claiming above provision was invalid and unenforceable.[3] Amoco further cross-petitioned for recovery of the sums it had already paid to City under this provision.

After hearing the trial court found the ordinance to be valid and constitutional, reasonable and necessary for the protection of property and citizens of City. On this basis it denied Amoco's cross-petition. Marathon and Amoco appeal.

█ A city has no inherent power or authority; it possesses and can exercise only those powers expressly granted, or incidental to powers expressly granted, by the state.[4] Appellants argue City is explicitly denied the power to exact the over-ride required by the ordinances claiming it is a tax for revenue producing purposes and citing 68 O.S. 1971 § 1001. Section 1001(f) specifically provides the gross production tax therein levied by the state:

". . . shall be in full, and in lieu of all taxes by the state, counties, cities, towns, school districts and other municipalities upon any property rights attached to or inherent in the right to said minerals, . . . or for petroleum or other crude oil or other mineral oil, or for natural gas and/or casinghead gas, upon

the mineral rights and privileges for the minerals aforesaid belonging or appertaining to land . . . ."

They further submit City's license taxing powers are limited to those businesses specified in 11 O.S.1971 § 651. Oil and gas operations are not among those so listed.

City counters by suggesting the ordinance is not meant to be revenue producing but rather is a regulatory provision pursuant to a valid exercise of its police power.

█ There is no doubt a city, under its police power, may enact ordinances regulating the drilling of oil and gas wells within its city limits.[5] But to be valid, any ordinance must bear a reasonable relation to public health, safety, morals or general welfare.[6] A reasonable connection to these objectives may include the payment of a permit fee as a prerequisite to the drilling of the well.[7] The amount of such permit or license fee exacted for the purpose of regulation must be limited to the necessary or probable expenses of issuing the licenses and the necessary supervision and regulation of the business so licensed. Otherwise the ordinance will be regarded as a revenue measure and will be void as a regulation under its police power.[8]

Here the amount of the over-ride required to be assigned will depend entirely on the amount of oil or gas production and the price received. This amount does not bear any relationship to the costs City will incur in making its inspections and administering its regulatory program. The ordinance already provides for a license fee of $100.00 which is to cover the cost of the issuance of the permit and the necessary inspections. Another portion of the ordi-

1. All wells were completed after effective date of the ordinances.

2. 12 O.S. 1975 Supp. § 1651.

3. Only the requirement of assignment of a 1/16th over-ride of the 7/8 working interest of leases is challenged.

4. *Shipp v. Southeastern Oklahoma Industries Authority,* 498 P.2d 1395 (Okl.1972).

5. *Keaton v. Oklahoma City,* 187 Okl. 593, 102 P.2d 938 cert. den. 311 U.S. 616, 61 S.Ct. 75, 85

L.Ed. 391 (1940); *Gruger v. Phillips Petroleum Company,* 192 Okl. 259, 135 P.2d 485 (1943).

6. *Clouser v. City of Norman,* 393 P.2d 827 (Okl. 1964).

7. *Ptak v. City of Oklahoma City,* 204 Okl. 336, 229 P.2d 567 (1951).

8. *City of Shawnee v. Reid Bros. Plumbing Co.,* 201 Okl. 592, 207 P.2d 779 (1949).

nance makes a requirement for the permit that "a current and subsisting certificate of insurance in an amount no less than $500,-000.00 be deposited with the City Clerk." These conditions are not contested and we believe under City's police power they constitute adequate fiscal regulation to protect the public's welfare. Any further fees in the shape of required royalty payments must be considered revenue producing taxation forbidden by statute.

■ The proscription against taxation of oil and gas interests may not be circumvented by such a thinly veiled resort to attempted regulation through police powers. The over-riding royalty provision of ordinance 412 of the City of Hartshorne is invalid and unenforceable.

REVERSED AND REMANDED WITH DIRECTIONS TO CONSIDER CROSS–PETITION OF AMOCO.

All the Justices concur.