Dear Representatives Vaughn,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following question:
Does a city or municipality have the authority, pursuant to47 O.S. 1991, § 15-102(a)(3), to enact an ordinance whichallows a civilian, while in the course of escorting a funeralprocession, to direct traffic or to authorize drivers of vehiclesin a funeral cortege to disregard official traffic controldevices?
¶ 1 You have asked a question which requires the analysis of several provisions of the Oklahoma Highway Safety Code in Title 47.
 THE HIGHWAY SAFETY RULES OF THE ROAD
¶ 2 The Oklahoma Highway Safety Code's Rules of the Road, codified at 47 O.S. 1991 and Supp. 1995, §§ 11-101 to 11-1405 (the "Rules"), set out the driving rules throughout the State. Sections 11-103, 11-201(a), 11-403(b), and 11-703(d) are pertinent to your question as they articulate that a police officer can direct deviations from traffic control devices or signals and read in part as follows:
 No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control or regulate traffic.
47 O.S. 1991, § 11-103[47-11-103] (emphasis added).
 The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this act, unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this act.
47 O.S. 1991, § 11-201[47-11-201](a) (emphasis added).
 Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop as required by section 11-703(d) and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway. . . .
47 O.S. 1991, § 11-403[47-11-403](b) (emphasis added).
 Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop. . . .
74 O.S. 1991, § 11-703[74-11-703](d) (emphasis added).
¶ 3 Pursuant to the uniformity provision found at 47 O.S.1991, § 15-101[47-15-101], these regulations apply uniformly to all drivers in the State. As specifically set out in the Rules, only a "police officer" can direct drivers to deviate from the Rules. In addition, the Rules provide for other deviations by authorized emergency vehicles at 47 O.S. 1991, § 11-106. The Rules, however, do not allow civilians to direct traffic. Nor can a city confer the title of police officer on a civilian who has not received CLEET certification. Therefore, unless otherwise provided by law, municipalities may not allow civilians to regulate traffic.
 STATUTORY POWER OF LOCAL AUTHORITIES
¶ 4 The Oklahoma Highway Safety Code provides in pertinent part:
 The provisions of this act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:
. . . .
 2. Regulating traffic by means of police officers or traffic-control signals;
 3. Regulating or prohibiting processions or assemblages on the highways[.]
47 O.S. 1991, § 15-102[47-15-102](a) (emphasis added).
¶ 5 This provision reserves certain powers to local authorities. Section 15-102(a)(3) allows municipalities to regulate "processions or assemblages." The question then becomes the extent to which a municipality may act when regulating funeral processions.
A. MUNICIPAL AUTHORITY
¶ 6 A municipal corporation is a creature of statute and possesses only such powers as the Legislature confers on it.Inland Utilities Company v. Schell, 285 P. 771, 775 (Colo. 1930), Ex Parte Higgs, 263 P.2d 752, 755 (Okla.Crim.App. 1953). The "powers may be granted, enlarged or entirely withdrawn at will." Claremore v. Oklahoma Tax Commission, 169 P.2d 299, 303
(Okla. 1946).
¶ 7 Moreover, "[a] city has no inherent power or authority; it possesses and can exercise only those powers expressly granted, or incidental to powers expressly granted, by the state."Hartshorne v. Marathon Oil Company, 593 P.2d 97, 99 (Okla. 1979). Hence, we must look to the Rules to determine the amount of authority the Legislature has conferred on municipalities in the regulation of local traffic.
B. SPECIFIC AUTHORITY RESERVED TO MUNICIPALITIES
¶ 8 As previously noted, 47 O.S. 1991, § 15-101[47-15-101] requires uniformity throughout the State. In reading Section 15-102, it seems clear the Legislature did not intend the Rules to preempt municipal authority in matters relating to local traffic regulation. To the contrary, in Section 15-102 the Legislature reserved to local authorities the right to regulate traffic in several areas of local concern, including but not limited to the regulation of "processions."
¶ 9 From this reservation of power, several questions arise. First, what does "regulate" mean, and does a funeral procession fall within the term "processions"? "A statute should be construed according to the fair import of its words taken in their usual sense, in connection with the context and with reference to the purpose of the provision." Lincoln v. Lincoln,840 P.2d 41, 43 (Okla.Ct.App. 1992). The term "procession" means "a group of . . . vehicles moving along . . . in a continuous orderly regulated and often formal or ceremonial way." Webster's Third New International Dictionary 1808 (1981). This clearly would encompass a funeral procession. Next, we must define the term "regulate." In its literal sense, "regulate" means "to govern or direct according to rule . . . make regulations for or concerning." Id. at 1913. Title 47 O.S. 1991, § 15-102[47-15-102](a)(3) thus gives local authorities the right to enact ordinances that control the conduct of traffic during a funeral procession.
¶ 10 A statutory grant of power carries with it by implication everything necessary to carry out the power or right and make it effective and complete. Missouri, Oklahoma Gulf Railway v.State, 119 P. 117, 122 (Okla. 1911).
¶ 11 Part of regulating a procession on a road is traffic control. There is clearly a need for traffic control escorts during a funeral procession. Requiring the use of police officers would divert officers from other police functions. By reserving the right to regulate processions to local authorities, the Legislature has granted local authorities the latitude to enact ordinances to accomplish the necessary regulation.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A city or municipality has the authority, pursuant to 47O.S. 1991, § 15-102(a)(3), to enact ordinances which allowcivilians, while in the course of escorting a funeral procession,to direct traffic or authorize drivers in the funeral cortege todisregard traffic control devices.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL