## WESTGATE OIL CO. v. REFINERIES PRODUCTION CO. et al.

No. 24836.  May 14, 1935.

Bliss Kelly, for plaintiff in error.

Louis W. Pratt and White, Hendon & Brooks, for defendant in error.

BUSBY, J. This case involves the ordinances of the city of Oklahoma City regulating and restricting the drilling of wells for the production of oil and gas within its corporate limits.

The general provisions of the ordinance involved, as well as the purpose sought to be accomplished by its enforcement, have been previously considered by this court in a number of opinions and need not be reiterated herein. See Beveridge v. Westgate Oil Co. et al., 171 Okla. 360, 44 P. (2d) 26, decided March 19, 1935; Van Meter v. Westgate Oil Co., 168 Okla. 200, 32 P. (2d) 719; Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P. (2d) 1068; Beveridge et al. v. Harper & Turner Oil Trust et al., 168 Okla. 609, 35 P. (2d) 435; Phillips Petroleum Co. et al. v. Kite, 167 Okla. 359, 29 P. (2d) 942; Indian Territory Illuminating Oil Co. et al. v. Larkin et al., 168 Okla. 69, 31 P. (2d) 608.

It is necessary, however, to mention the particular provisions of the ordinance involved in this case. By subsection (c) of section 2 of ordinance No. 3865, as amended by ordinance No. 3944, it is provided that:

"* * * In platted tracts no such well shall be drilled or put down upon any block of less than 2½ acres in area except as otherwise provided"

—and by subsection (a) of the same section of the ordinance it is provided that:

"It shall be unlawful and an offense for any person, firm or corporation to drill or put down any petroleum or gas well within the corporate limits of the city of Oklahoma City, except within the limits of the U-7 or oil and gas district, and unless permit therefor shall have been first obtained."

In this case the Refiners Production Company, a corporation, as the owner of an oil and gas lease on block 5 of Eggleston's addition to Oklahoma City, presented an application to the building superintendent of Oklahoma City for a permit to drill an oil and gas well upon that block. The application was denied and an appeal was taken to the board of adjustment, which board granted the permit. The Westgate Oil Company, plaintiff in error in this case, appeared before the board of adjustment for the purpose of contesting the permit, and when the permit was granted it appealed the case to the district court of Oklahoma county, which court, upon hearing, affirmed the order and judgment of the board of adjustment. The Westgate Oil Company, whose interest in the controversy arises from its ownership of adjoining oil and gas producing property, brings the case to this court on appeal.

The block involved is platted property within the U-7 use district. Its area is approximately 1½ acres, being less than the minimum area required for drilling by the terms of the ordinance. It is surrounded by producing properties. It is permissible, as a matter of law, to grant exceptions to the terms of the ordinance and permit drilling on tracts of land less than 2½ acres in area under proper circumstances. See Indian Territory Illuminating Oil Co. v. Larkins, supra.

We deem it unnecessary, however, in this case to review the record for the purpose

of determining whether or not the surrounding circumstances justify an exception to the terms of the ordinance because of the view we take in connection with another question presented by the briefs.

It is urged by the defendant in error, Refiners Production Company, that the appeal in this case is moot for the reason that the permit to drill was issued pursuant to the order of the district court of Oklahoma county and no effort was made by the plaintiff in error, Westgate Oil Company, to supersede the judgment authorizing the permit. As a consequence, the Refiners Production Company has drilled its well and is now producing oil and gas from the same.

It is pointed out by the defendant in error that the purpose of this proceeding under the terms of the ordinance above referred to was to secure a permit to drill an oil and gas well. It is urged by them that, since the well has already been drilled, a judicial declaration on our part that such permit should never have been granted would be ineffective for any purpose, except judicial advice on the law as applied to the particular facts in this case. The plaintiff in error in answering this argument has failed to call our attention to any provision of the ordinance which would render the production of oil and gas or the continued operation of the well in question unlawful in the event we should decide that the permit was wrongfully issued or that the well was wrongfully drilled. Neither does the plaintiff in error call our attention to any authorities applicable to this character of a case which would indicate that our judgment, if adverse to the Refiners Production Company, would prevent the continued production of oil and gas from the well which they have already drilled. In the case of Webb v. Oklahoma G. & E. Co., 88 Okla. 183, 211 P. 932, we said in paragraph 2 of the syllabus:

"Where, after a proceeding in error has been instituted in this court, a condition arises under which the decision of the question raised would result in granting no relief and the determination of the issue can grant no result other than the awarding of the costs of the appeal, the case will be dismissed."

In the case of Swindall v. State Election Board, 96 Okla. 40, 219 P. 942, we said in the syllabus:

"When an injunction suit is filed in the district court and judgment rendered against plaintiff, and pending appeal in this court, the action sought to be enjoined has been

performed and no particular relief can be afforded plaintiff in action, the issues in this court are abstract and hypothetical and the case becomes moot, and, under such circumstances, the appeal will be dismissed."

We therefore hold that, as applied to this case, in the absence of a showing that by the terms of the ordinance our judgment would be effective to determine the substantial rights of the parties, this case has become moot by reason of the fact that the oil and gas well involved herein has already been drilled. This appeal is therefore dismissed.

McNEILL, C. J., and BAYLESS, PHELPS, and GIBSON, JJ., concur.