OKLAHOMA CITY et al. v. KEATON.

No. 26235. Sept. 8, 1936.

Rehearing Denied Dec. 8, 1936.

Harlan T. Dempree, for plaintiff in error Oklahoma City.

Edward M. Box, Dudley, Hyde, Duval & Dudley, Dan Welch, and Solus S. Brooks, for plaintiff in error Harrell-Davis Oil Company.

Keaton, Wells, Johnston & Barnes, D. A. Richardson, and Warren K. Snyder, for defendant in error.

OSBORN, V. C. J., On August 21, 1933, J. R. Keaton, hereinafter referred to as plaintiff, instituted this action in the district court of Oklahoma county against the city of Oklahoma City and Harrell-Davis Oil Company, hereinafter referred to as defendants, wherein plaintiff sought to enjoin the defendant city from executing an oil and gas lease to the defendant company and from granting a permit to drill two wells in Riverside Park. The cause was tried to the court and judgment entered in favor of the defendants. Thereafter plaintiff was granted a new trial and from said order defendants have appealed.

Plaintiff is the owner of certain lots in block 34, Military addition to the city of Oklahoma City, which property is adjacent to Riverside Park. This property was included within the U-7 or oil drilling zone by ordinance No. 4475. It was contended by plaintiff before the trial court that said ordinance was ineffective for the reason that a referendum petition was filed against said ordinance which stayed its operation until it could be submitted to the electorate of Oklahoma City. Plaintiff also contended that the city was not the fee-simple owner of the property involved and was without authority to execute an oil and gas lease thereon. The trial court found that the referendum petition was not filed within the time fixed by law and that ordinance No. 4475 was effective, and that there was no merit in plaintiff's contention regarding the city's title to the property.

The judgment of the court was rendered on April 23, 1934. On June 19, 1934, this court promulgated its opinion in the case of State ex rel. Hunzicker v. Pulliam, 168 Okla. 632, 37 P. (2d) 417, and rehearing was denied September 11, 1934. In that case it was held that the referendum petition against ordinance No. 4475 was filed within the time fixed by law, which had the effect of suspending the ordinance until it should be submitted to the people for adoption or rejection. Thereafter, and on September 21, 1934, upon the authority of the case of State v. Pulliam, supra, the trial court granted a new trial.

On September 14, 1934, the city council enacted ordinance No. 4578, to which the emergency clause was properly attached, and the purpose and effect of said ordinance was the same as that of ordinance No. 4475. Keaton v. Brown, 171 Okla. 38, 45 P. (2d) 109. No restraining order was issued against granting the permit or executing the oil and gas lease. While the cause was pending in the trial court and in this court both wells were drilled to completion, have been on production for many months, and the city has received royalties therefrom in excess of $100,000.

A court will not entertain an action to enjoin a party from doing that which he has already done. Roper v. Board of Education, City of Okmulgee, 167 Okla. 382, 29 P. (2d) 950. Where a condition arises, after appeal, under which a decision of the question raised in the case would result in granting no relief other than to award costs of appeal, the case will be dismissed. Westgate Oil Co. v. Refiners Prod. Co., 172 Okla. 260, 44 P. ((2d) 993. In this case it was held that where an appeal is taken from an order and judgment of the district court granting a permit to drill an oil and gas well as an exception to the provisions of the zoning ordinance, where no effort is made to supersede the judgment, and pending the decision of the case on appeal the well has been completed, this court may, in the absence of a showing that a decision of the case on the merits would determine the substantial rights of the parties, dismiss the case as moot. We deem these authorities to be controlling herein, and we find no reason for further prolonging this litigation.

The order granting a new trial is reversed and the cause remanded, with directions to the trial court to dismiss the action.

McNEILL, C. J., and BAYLESS, WELCH, and PHELPS, JJ., concur.