## In re PROTEST AGAINST REFERENDUM PETITION NO. 5, OKLAHOMA CITY.

No. 26811.   June 13, 1939.

Rehearing Denied July 11, 1939.

Keaton, Wells & Johnston, for appellants.

A. L. Jeffrey, Municipal Counselor, Leon Shipp, Asst. Municipal Counselor, Edward M. Box, and Floyd M. Norris, for appellees.

PER CURIAM. This is an appeal from an action of the clerk of the city of Oklahoma City disapproving the sufficiency of the signatures presented in a petition to refer an ordinance of the city of Oklahoma City designated as ordinance No. 4475. This ordinance permitted the drilling of a certain area in the northeastern section known as the northeast extension of the Oklahoma City field between Third street and California avenue. This matter was first considered by this court in State ex rel. Hunzicker v. Pulliam, 168 Okla. 632, 37 P.2d 417, 96 A. L. R. 1294, wherein the court held the referendum petition was filed within time and reversed the finding of Pulliam, city clerk. This is the appeal from the decision of the clerk on the sufficiency of the number of signers of the petition.

It is urged in a motion to dismiss that the proceeding has become moot because the ordinance has been made effective by a subsequent ordinance, No. 4578, bearing the emergency clause and that the property involved in the litigation has been drilled and developed under said latter ordinance.

In response to the motion to dismiss, petitioners cite 43 C. J. 594 and McQuillin on Municipal Corp. (2d Ed.) page 658, sec. 730, to the effect that where an ordinance has been referred to a vote of the people, the legislative body of a municipal corporation cannot nullify the proceeding to refer the ordinance by passing again an ordinance in all essential features like the one referred.

Regardless of the rule expressed in the above-cited authorities, in Keaton v. Brown, 171 Okla. 38, 45 P.2d 109, and Oklahoma City v. Keaton, 178 Okla. 294, 62 P.2d 981, this court expressly held that ordinance No. 4578 was a valid ordinance duly passed with the emergency clause and the purpose and effect of said ordinance was the same as ordinance No. 4475. In Oklahoma City v. Keaton, supra, the court said:

"On June 19, 1934, this court promulgated its opinion in the case of State ex rel. Hunzicker v. Pulliam, 18 Okla. 632, 37 P.2d 417, 96 A. L. R. 1294, and rehearing was denied September 11, 1934. In that case it was held that the referendum petition against ordinance No. 4475 was filed within the time fixed by law, which had the effect of suspending the ordinance until it should be submitted to the people for adoption or rejection. Thereafter, and on September 21, 1934, upon the authority of the case of State ex rel. Hunzicker v. Pulliam, supra, the trial court granted a new trial.

"On September 14, 1934, the city council enacted ordinance No. 4578, to which the emergency clause was properly attached, and the purpose and effect of said ordinance was the same as that of ordinance No. 4475. Keaton v. Brown, 171 Okla. 38, 45 P.2d 109. No restraining order was issued against granting the permit or executing the oil and gas lease. While the cause was pending in the trial court and in this court, both wells were drilled to completion, have been on production for many months, and the city has received royalties therefrom in excess of $100,000.

"A court will not entertain an action to enjoin a party from doing that which he has already done. Roper v. Board of Education of the City of Okmulgee, 167 Okla. 382, 29 P.2d 950. Where a condition

394

arises, after appeal, under which a decision of the question raised in the case would result in granting no relief other than to award costs of appeal, the case will be dismissed. Westgate Oil Co. v. Refineries Prod. Co., 172 Okla. 260, 44 P.2d 993."

The question involved in the appeal having become moot, the appeal is dismissed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, GIBSON, HURST. and DAVISON, JJ., concur, DANNER, J., absent.