Paul C. EDWARDS and Lorraine M. Edwards, Plaintiffs in Error,

v.

HANNA LUMBER COMPANY, a corporation, Defendant in Error.

No. 40831.

Supreme Court of Oklahoma.

Feb. 8, 1966.

As Corrected June 8, 1966.

Rehearing Denied June 14, 1966.

Whitebook & Knox, Tulsa, for plaintiffs in error.

Richard K. McGee, W. Timothy Dowd and A. D. Mason, Tulsa, for defendant in error.

PER CURIAM.

This appeal was brought before this Court to review the proceedings of a sheriff's sale made pursuant to a judgment, which judgment was allowed to become final, foreclosing a materialman's lien in favor of Hanna Lumber Company, defendant in error, and against Paul C. Edwards and Lorraine M. Edwards, plaintiffs in error.

A motion to dismiss has been filed by the defendant in error wherein it is stated that the questions presented for review have since become moot by the foreclosure of a prior and first mortgage lien upon the subject property. The facts supporting the motion to dismiss are briefly, that the holder and owner of a note and mortgage originally given to the Home Federal Savings and Loan Association of Tulsa, Okla-

homa, brought an action and recovered judgment against Paul C. Edwards and Lorraine M. Edwards, husband and wife, Hanna Lumber Company, and others, in the District Court of Tulsa County, foreclosing said mortgage; that pursuant to said judgment of foreclosure the subject property was sold and a sheriff's deed delivered to the purchaser; that by the judgments and orders of said district court the parties to this appeal were each foreclosed of all their right, title and interest in the property and they were permanently restrained and enjoined from asserting any claim thereto contrary to said purchaser.

The response of the plaintiffs in error to said motion to dismiss does not deny these facts but attempts to controvert them by making contentions of fact which properly could only be raised directly in the foreclosure of mortgage action.

The fact that the subject of the sale proceedings to be here reviewed has been permanently removed from the force and effect of further orders in this case leaves this court without the authority to grant appellants any relief.

■ This court has consistently held that where, after a proceeding in error has been instituted in this court, a condition arises under which the decision of the question raised would result in granting no relief and the determination of the issue can grant no result other than the awarding of the costs of the appeal, the case will be dismissed. Westgate Oil Co. v. Refiners Production Co., 172 Okl. 260, 44 P.2d 993; In Re: Protest Against Referendum Petition No. 5, Oklahoma City, 185 Okl. 393, 92 P.2d 374.

■ Also consistently we have held that we will not determine abstract, hypothetical or moot questions but will dismiss appeal where questions presented have become moot. Epple v. Taylor, 203 Okl. 467, 223 P.2d 352; Posey v. Brown, 172 Okl. 568, 44 P.2d 100; Stone v. Bond, 171 Okl. 478,

41 P.2d 849; and George v. Robinson, 47 Okl. 623, 149 P. 1087.

■ It being made reasonably to appear that the appeal is moot, it is hereby dismissed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concur.

The Court acknowledges the services of Mr. Hobert G. Orton, who, with the aid and counsel of Messrs. Albert W. Trice and Duard C. Willoughby, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Williams, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.