**Ted B. WOLFE, Mid-Continent Casualty Co., and Majestic Construction Co., Plaintiffs in Error,**

v.

**HART'S BAKERIES, INC., Ramsey's Take Home, Inc., Mathews, Buck, Cain & Lynn, Citizens National Bank, Grissom Manufacturing Company and Boggs Electric Company, Defendants in Error.**

No. 42103.

Supreme Court of Oklahoma.

Oct. 28, 1969.

Bryne A. Bowman, Oklahoma City, for plaintiffs in error.

Eugene Mathews, Mathews, Cain & Lynn, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal on the original record by Ted B. Wolfe (plaintiff) and by Mid-Continent Casualty Co., and Majestic Construction Co., (intervenors) from a judgment denying their application for a temporary injunction restraining the defendants in error (hereinafter named) from delivering certain cashier's checks, or applying the proceeds thereof, in payment of any indebtedness for labor and material other than that for labor and material for a certain construction project.

The pleadings and evidence reflect that the controversy and resulting lawsuit was the result of the following circumstances. It appears that Hart's Bakeries, Inc., and Majestic Construction Co., entered into contracts whereby Majestic agreed to construct several buildings for Hart's Bakeries, Inc., at various locations in which retail "take home" food operations were to be conducted. It appears that Ramsey's Take Home, Inc., was to operate such business under some undisclosed arrangement.

In connection with the contract for construction of building "No. 7" the contractor Majestic gave Hart's a performance bond on which Mid-Continent was surety. The plaintiff Wolfe, as indemnitor, agreed to reimburse Mid-Continent for any loss it suffered by reason of having executed the bond.

In the performance of the several contracts Majestic incurred indebtedness to various subcontractors and materialmen, including Grissom Manufacturing Company in an amount in excess of $1696.00, and Boggs Electric Company in an amount in excess of $3000.00, that Majestic could not pay. The intervenors, Grissom and Boggs, performed no labor and furnished no material on project No. 7, their indebtedness having arisen under the construction of other buildings included in the contracts between Hart and Majestic. In this situation, and when No. 7 was about 60 percent completed, Wolfe took over construction of No. 7 in an effort to prevent or minimize any liability by reason of his indemnity agreement with Mid-Continent. At about this time Hart's purchased a cashier's check payable jointly to Majestic and Grissom for $1696.00 and a cashier's check payable jointly to Majestic and Boggs for $3,000.00. The checks were endorsed by Majestic and were delivered to a member of the defendant law firm Mathews, Buck, Cain & Lynn for the apparent benefit or purpose of delivering them to Grissom and Boggs.

With this situation existing, Wolfe filed suit for a temporary injunction to restrain delivery of the checks and to restrain application of the checks or their proceeds to payment of claims other than for labor and material on building No. 7, on the ground that the checks were purchased by funds due from Hart's on a progress estimate on No. 7, and that he (Wolfe), as indemnitor

on the bond, was entitled to this relief. Mid-Continent and Majestic intervened and asked for the same relief.

After hearing in the lower court, a judgment was rendered denying the application for a temporary injunction. Upon rendition of this judgment the cashier's checks were in open court delivered to Grissom and Boggs.

The record does not reflect that there was any request for a stay of delivery of the checks and does not reflect that there was a request to supersede the judgment and there was no order superseding the judgment.

In the absence of any of the above acts the holder of the checks had a right to deliver the checks and the question on appeal is moot.

When the question presented by an appeal has become moot, the appeal will be dismissed. Dutton v. City of Oklahoma City, 208 Okl. 208, 254 P.2d 995, and Post v. Kingdom Hall of Jehovah's Witnesses, Okl., 283 P.2d 528.

Appeal dismissed.

All Justices concur.