Earl A. HAMILTON et al., Plaintiffs in Error,

v.

INVESTMENT TOWERS CORPORATION and Robert S. Uhls, Director, Building Inspection Department, Defendants in Error.

No. 44562.

Supreme Court of Oklahoma.

Sept. 28, 1971.

Don Hamilton and Don J. Harr, Oklahoma City, for plaintiffs in error.

Halley, Spradling, Stagner & Alpern, by John T. Spradling, Oklahoma City, for defendants in error, investment Towers Corp.

Roy H. Semtner, Municipal Counselor, Oklahoma City, for defendant in error, Robert S. Uhls, Building Inspector.

McINERNEY, Justice:

A variance under a zoning ordinance limiting height of structures was sought and obtained before a municipal board of adjustment. The decision was upheld upon appeal to the District Court. Plaintiffs in error appealed, seeking reversal of the district court judgment, and, necessarily, the decision by the municipal board.

After briefs were filed by plaintiffs in error and by the defendant in error municipal officer, the defendant in error who initially sought the variance informed this Court of his abandonment of the project and prayed the cause be remanded to the trial court with direction to vacate the judgment and to enter, in turn, its order of remand to the board of adjustment with direction to vacate the decision allowing the variance and to dismiss the application therefor which was originally filed by movant defendant in error.

The municipal officer who is a defendant in error thereupon notified this Court the municipality disclaimed any interest in the appeal.

Plaintiffs in error resist the motion for remand, contending the issues on appeal are not made moot by the unilateral conclusion by a defendant in error to abandon his projected structure. Plaintiffs in error contend a decision by this Court on the appealed issues will guide resolution of additional proceedings which may be within the contemplation of movant defendant in error. Plaintiffs in error also urge decision on a question of court costs which were required by the district court clerk, such requirement plaintiffs in error urge, is in contravention of 11 O.S.1961, § 408.

■ This Court will not retain an appeal for adjudication on the merits where after commencement of appellate proceedings a circumstance develops where a decision on the merits will result in granting no relief and the only result would be assessment of costs. Edwards v. Hanna Lumber Co., Okl., 415 P.2d 980 (1966). The motion for remand by defendant in error is equated with confession of error, and the appeal is not a proper subject for dismissal but rather for remand with direction.

Concerning the assertion by plaintiffs in error that a decision on the merits will serve to guide possible future courses of action, this Court will not concern itself with this abstraction.

The judgment of the trial court is reversed as on confession of error and the cause is remanded with direction to vacate the judgment and to enter judgment directing vacation of the decision by the board of adjustment and dismissal of the application.

DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES and LAVENDER, JJ., concur.