Jerry Frank **RUTLEDGE**, an individual d/b/a Capitol Beverage Company, Appellee,

v.

**OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD**, composed of Tom H. Morford, et al., Appellants.

No. 45272.

Supreme Court of Oklahoma.

Dec. 11, 1973.

Hal D. Leaming, Smith, Leaming & Swan, Oklahoma City, for appellee.

Larry Derryberry, Atty. Gen., by Jeff L. Hartmann, Asst. Atty. Gen., Oklahoma City, for appellants.

DOOLIN, Justice.

This appeal raises the question of the regulatory power of the Oklahoma Tax Commission (O.T.C.) and the Oklahoma Alcoholic Beverage Control Board (ABC Board) in the field of affixing excise tax stamps; more specifically, does 37 O.S. 1971 § 540 grant exclusive regulation to the O.T.C. of the rules prescribing the manner and time excise tax stamps are to be affixed to original packages, containers, bottles, etc. of alcoholic beverages? We note that although the O.T.C. was not originally a party to this action at the trial level, upon order of this Court the O.T.C. has filed a brief amicus curiae stating— non-resident sellers cannot be required by regulation to affix tax stamps to containers of alcoholic beverages before selling and shipping same to wholesalers in Oklahoma.

We hold that 37 O.S.1971 § 540 is not an exclusive grant to the O.T.C. under the facts and circumstances of this case.

The facts presented show a Petition seeking a declaratory judgment under 75 O.S.A. § 306 was filed by Jerry Frank Rutledge, d/b/a Capitol Beverage Company (Capitol), a licensed Oklahoma wholesale liquor dealer, in Oklahoma County against the Director of the ABC Board and its in-dividual members. The Petition further prayed for an alternative Writ of Prohibition. Alternative Writ of Prohibition issued, ordering the ABC Board to desist and refrain from further enforcement proceedings requiring the affixation of excise tax stamps by the non-resident distiller or his agents, and further required the ABC Board to show cause why the regulation requiring such action by non-residents should not be permanently restrained and prohibited.

After certain motions and amendments to the Petition, both parties filed a Motion for Summary Judgment and supported the same by Affidavits. The trial court granted Capitol's Motion for Summary Judgment and made permanent and absolute the alternative Writ of Prohibition, the effect of which was to declare invalid the first two unnumbered paragraphs of Article 3 § 25 [1] of the Oklahoma Alcoholic Beverage Control Board, Revised January 1, 1971.

■ Examination of the record indicates that both parties agree that the O.T. C. has failed to provide regulations under certain provisions of 37 O.S.1971 § 540 [2] even though directed by the Legislature to do so. What the O.T.C. has failed to provide is not the stamps, but has failed to provide rules and regulations as to when an *Oklahoma wholesaler* shall affix the stamps and in what manner. The ABC Board concedes that under 37 O.S.1971 § 540 Capitol (Appellee) has a personal right to purchase and affix stamps. The ABC

1. Section 25. Requirements Requiring Non-Resident Sellers To Affix Stamps.

All Non-Resident Sellers of Spirits, Cordials, and Specialties shall hereafter be required to affix the appropriate excise tax stamps to all containers of alcoholic beverages shipped or imported into this State prior to the time that any such shipment leaves the shipping point or the premises of a non-resident seller, except those items of alcoholic beverages which are specifically ordered by licensed Oklahoma wholesalers for military installations which shall in all instances be conspicuously marked by the non-resident seller on the outside of the shipping case, "For Military Use Only."

All Non-Resident Sellers of wine shall affix the appropriate excise tax stamp to the shipping container prior to the time that any such case of wine leaves the shipping point or premises of the non-resident seller, except items designated for military installations, as aforesaid, and shall, in all instances, be conspicuously marked "For Military Use Only," as above provided.

2. * * * The Oklahoma Tax Commission shall adopt rules and regulations prescribing the manner and time such tax stamps are to be affixed to such original packages, containers or bottles or cases or shipping containers of alcoholic beverages.

Board likewise concedes that the first two paragraphs of Article 3 § 25, heretofore mentioned, deprive Capitol of this right. But by this concession the ABC Board does not concede that it has no right to *regulate the time and manner* when an Oklahoma wholesaler must affix excise tax stamps. It has been said that "nature abhors a vacuum",[3] and the law must do likewise when it is shown that one agency of government has refused to act, particularly when a second agency has been granted equal power to act in the same area. We hold the ABC Board may fill a vacuum as long as its rules and regulations do not infringe upon, or deprive Capitol or other legally constituted Oklahoma wholesalers or distillers of their Constitutional or statutory rights.

In State v. Parham, Okl., 412 P.2d 142, we recognize the broad legal delegation of authority granted to the ABC Board when we said:

"1. The Legislature has delegated *broad authority* to the Oklahoma Alcoholic Beverage Control Board to regulate *all* phases of the sale, distribution, and possession of intoxicating liquor in order to carry out the purposes of the Oklahoma Alcoholic Beverage Control Act.

2. *The policy of law* expressed by the Legislature in the Oklahoma Alcoholic Beverage Control Act is that, within the framework of *strict regulation,* the commercial aspects of the liquor industry of this State shall be *operated under* the conditions of *free and unrestricted competition.*

3. The authority to determine the policy of law is primarily legislative and cannot be delegated, but the *power to make rules* of a subordinate character *to carry out that policy* and apply it to varying conditions, although partaking of a legislative character, is in its dominant aspect administrative and *can be delegated.*" (Emphasis added.)

Thirty-seven O.S.1971 § 514 specifically grants to the ABC Board the power and duty to:

"(1) To supervise, inspect, and regulate *every phase* of the business of manufacturing, importing, exporting, transporting, storing, selling, distributing, and possessing for the purpose of sale, all alcoholic beverages which shall be necessary and proper to carry out the pur-out the *purposes of this Act* . . .

(2) To *promulgate rules and regulations,* in the manner herein provided, to carry out the *purposes of this Act* . . .

(14) To exercise *all other powers* and duties conferred by this Act, *and all powers incidental, convenient or necessary* to enable it to administer or carry out any of the provisions of this act." (Emphasis added.)

■ We therefore hold, under the circumstances of this case, the ABC Board has exceeded its delegated power from the Legislature when it has denied Capitol its statutory right to buy and affix stamps. We do not suggest, nor state, nor speculate, as to what rule(s) or regulation(s) may be adopted by the ABC Board, or if any such regulation is necessary. We do find that the ABC Board may make rules and regulations within the limitations of the Constitution and Statutes of Oklahoma, and we do further find the grant to the O.T.C. under 37 O.S.1971 § 540 was not an exclusive one.

Since the O.T.C. is not a party to this action we do not resolve or answer what effect or right it may exercise if the regulatory power of the ABC Board has preempted the area of alcoholic beverage control as to manner and time of affixing excise stamps.

■ In view of the ABC Board's concession that the first two paragraphs of its regulation (see footnote 1) deprived the Appellee of his statutory right to purchase and affix stamps, we order same stricken

---

**3.** Cicero "natura abhorret vacuum."

and withdrawn, and find same to be null and void. Since such regulations are void and are stricken, it is not necessary to pass upon the proper, extraordinary relief—injunctive, prohibitive or otherwise—to be used, for such questions are rendered abstract, hypothetical and moot. Edwards v. Hanna Lumber Co., 415 P.2d 980 (Okl. 1966).

Judgment affirmed as modified.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER and DOOLIN, JJ., concur.

HODGES, BARNES and SIMMS, JJ., concur.