Vesta LAWRENCE, for Herself and all Other Citizens and Taxpayers of Cleveland County, State of Oklahoma, Appellant,

v.

CLEVELAND COUNTY HOME LOAN AUTHORITY, a Public Trust; Lyndol H. Hall, Charles Thompson and Paul W. Dane, Trustees of the Cleveland County Home Loan Authority; and Billie R. Pool, Emil Fox and L. L. Chandler, Members of the Board of County Commissioners of Cleveland County, Oklahoma; and Board of County Commissioners of Cleveland County, Oklahoma, Appellees.

No. 53627.

Supreme Court of Oklahoma.

March 17, 1981.

Robert Pendarvis, Norman, for appellant.

Duane Draper, Robert Bailey, Floyd, Brandenburg & Rogers, Norman, for appellees.

MEMORANDUM DECISION BY ORDER

OPALA, Justice:

This cause is reached for consideration of motion by appellees to dismiss appeal. The motion is based on allegations that certain events which occurred during the pendency of the appeal have rendered it moot because they operate to prevent appellant from securing effective relief on review. Upon examination of the record and the instruments on file this appeal is ordered dismissed. The court's decision rests on the reasons to be recited.

1. Appellant—an individual suing for herself and for "all other citizens and taxpayers of Cleveland County ..."—was plaintiff in the District Court, Cleveland County, before the Hon. Alma Wilson, Judge, in a suit declared *upon a single cause of action for injunctive relief.* The defendants in the case were Cleveland County

Home Loan Authority, a public trust and the Board of County Commissioners of Cleveland County, together with the trustees and commissioners thereof. The appeal is sought to be prosecuted from an April 18, 1979 order by which the demurrer of all the defendants was sustained and plaintiff [appellant] was granted 15 days in which to amend her petition. At the conclusion of the order the court provided that the case is to be dismissed for want of an amendment to the petition within 15 days from April 18, 1979. The petition-in-error was filed here May 1, 1979.

2. The object of injunctive relief was to prevent the Cleveland County Home Loan Authority from issuing, selling or delivering certain mortgage revenue bonds for the purpose of funding the residential mortgage loan program "purportedly authorized by the Amended Trust Indenture . . .". The revenue bond issue was challenged as unauthorized by law. *The ultimate relief sought by appellant was a permanent injunction.*

3. The record does not reflect that any attempt was made, either here or below, to prevent, by judicially approved stay process, the issuance of the bonds pending our decision in this appeal. See in this connection *Wolfe v. Hart's Bakeries, Inc.,* Okl., 460 P.2d 950, 952 [1969] and *White v. City of Pawhuska,* 113 Okl. 270, 239 P. 578 [1925].

4. By an affidavit attached to the dismissal motion appellees inform this court of these *uncontroverted* facts occurring *after* the trial court's judgment: [a] the bonds (Cleveland County Home Loan Authority, Cleveland County, Oklahoma, Single Family Mortgage Revenue Bonds, 1979 Series A, dated August 1, 1979) were sold, issued and delivered to the purchasers and [b] "[s]ubstantially all" of the available bond proceeds have been committed to the funding of single family home mortgage loans of the instituted program. *No counter-affidavit was tendered with appellant's response to the dismissal motion.*

■ 5. The range of review is generally confined to the record presented for corrective process. A well-recognized exception permits an appellate tribunal to take cognizance of those facts occurring during the pendency of an appeal which adversely affect the court's capacity to administer effective relief. *City of Tulsa v. Chamblee,* 188 Okl. 94, 106 P.2d 796, 798 [1940]. The procedure used to apprise this court of the material post-appeal developments is authorized by Rule 7, Rules of the Supreme Court, 12 O.S. 1971, Ch. 15, App. 1. It was expressly approved in *City of Tulsa v. Chamblee,* supra; *Carlton v. State Farm Mutual Automobile Ins. Co.,* Okl., 309 P.2d 286, 289–290 [1957] and in *Brown Investment Co. v. Hickox,* Okl., 369 P.2d 807, 808 [1962].

■ 6. This litigation has been clearly rendered moot by the *admitted* sale of the bond issue in suit and by the subsequent commitment of the totality of proceeds to the home loan program. If this appeal were to result in our holding that the trial court did indeed err in sustaining appellees' demurrer to the petition, no effectual relief could now be afforded the appellant by means of injunctive relief. In short, the issue sought to be resolved has become abstract and hypothetical—no longer part of a lively "case or controversy" between antagonistic demands. *Greer County Election Board v. Elliott,* 26 Okl. 564, 109 P. 731, 732 [1910]; *Webb v. Oklahoma Gas and Electric Co.,* 88 Okl. 183, 211 P. 932 [1923]; *White v. City of Pawhuska,* supra; *Goldsmith et al. v. City of Ardmore,* 136 Okl. 201, 277 P. 230 [1929]; *Maxwell v. City of Tulsa,* 145 Okl. 155, 292 P. 66 [1930]; *Westgate Oil Co. v. Refiners Production Co.,* 172 Okl. 260, 44 P.2d 993 [1935]; *Christensen et al. v. Quality Oil Co.,* 205 Okl. 212, 236 P.2d 673 [1951]; *Dutton v. City of Oklahoma City,* 208 Okl. 208, 254 P.2d 995 [1953]; *Duncan v. Sims,* Okl., 277 P.2d 145 [1954]; *Post v. Kingdom Hall of Jehovah's Witnesses,* Okl., 283 P.2d 528 [1955]; *Wolfe v. Hart's Bakeries, Inc.,* supra.

■ 7. For a shield from dismissal for mootness appellants invoke two well-recognized exceptions to the doctrine. Both of these—the public-interest and the likeli-

hood-of-recurrence exceptions—have in the past met with our approbation. *Payne v. Jones*, 193 Okl. 609, 146 P.2d 113 [1944] and *Peppers Refining Co. v. Corporation Commission*, 198 Okl. 451, 179 P.2d 899 [1947]. Neither of them can save this appeal. While, as a general proposition, the question before us may be said to present a matter of broad or vital public interest, the likelihood of its recurrence in the same or in a substantially similar legal context is at best one of pure conjecture. The very essence of the recurrence possibility problem was aptly articulated when we explained in *Application of Goodwin*, Okl., 597 P.2d 762, 767 [1979], why other housing authorities could not be permitted to intervene in that appeal. There we said:

> "The demographic conditions in each county are different. While we permitted all other housing authorities to file briefs amici curiae, we denied their plea in intervention, mindful as we were that with differences in demographic data and financing characteristics, *each loan-delivery system should be considered on its own.* We therefore reaffirm our previous order denying intervention" [emphasis ours].

8. The appeal presents but an abstract and hypothetical issue. This is so because appellant may not secure on review any effectual relief. *Edwards v. Hanna Lumber Company*, Okl., 415 P.2d 980 [1966]; *Kiker v. City of Wewoka*, 205 Okl. 90, 235 P.2d 710 [1951]; cf. *Moore v. White*, Okl., 323 P.2d 352, 355–356 [1958]. Neither the broad-public-interest nor the likelihood-of-recurrence exception to the mootness doctrine is properly invokable here as a basis for securing an appellate decision.

9. There exists another reason why this appeal must be dismissed. It is prosecuted from an order sustaining the demurrer of appellees [defendants]. Neither the signed minute of the trial judge nor the formal written memorial of her judgment recites that the plaintiff has "elected to stand on her petition" or that the action stood dismissed *per verba de praesenti* or that judgment was rendered

for the defendants. Without inclusion of these terms of finality, an order sustaining the demurrer to the petition cannot be viewed as terminal in the case and hence appealable as "final" judicial action. *Merchants Delivery Service v. Joe Esco Tire Co.*, Okl., 497 P.2d 766 [1972] and *State Ins. Fund v. Trieschmann*, 206 Okl. 533, 244 P.2d 1128 [1952]. A judicial announcement of what judgment might be rendered under specified circumstances yet to occur—*per verba de futuro*—is not a judgment. *Foreman v. Riley*, 88 Okl. 75, 211 P. 495 [1923]; *Porter v. Tayer*, Okl., 385 P.2d 808, 815 [1963].

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES, LAVENDER and HARGRAVE, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.