**PRIME ELECTRIC CO., INC.,
a corporation, Appellant,**

v.

**OKLAHOMA STATE DEPARTMENT OF
LABOR, Dave Renfro, Commissioner
of Labor, Appellee.**

No. 84424.

Supreme Court of Oklahoma.

July 16, 1996.

William C. Bowlby, Oklahoma City, for Appellant.

W.A. Drew Edmondson, Attorney General, State of Oklahoma, L. Michelle Stephens, Assistant Attorney General, State of Oklahoma, for Appellee.

## OPINION

WATT, Justice:

In 1993 Prime Electric Company, an electrical contractor, was engaged in work on the Noble Research Center project at Oklahoma State University, and the ILS (apparently Instrument Landing System) project at the Federal Aviation Administration Center in Oklahoma City. Prime was a non-union employer. Its employees were apparently employed on an at will basis and were not covered by any work rules based on their contracts with Prime.

On August 13, 1993, under the authority of the Oklahoma Minimum Wages on Public Works Act, 40 O.S.1991 §§ 196.1, (the "Little Davis–Bacon Act"), the Oklahoma Commissioner of Labor issued an order against Prime to show cause why it should not be prohibited from employment on public works and be required to pay additional wages and penalties. The Commission's investigation arose because of claims of certain of Prime's employees that they had not been paid overtime and that they were required to do electricians work, although they were being paid laborers' wages. Prime's employees also claimed that they were not being paid overtime. Following a hearing, the Commissioner issued a Determination of Commissioner on December 28, 1993, in which he found that Prime had violated the terms of the Act, Prime was prohibited from performing work on public projects for two years, and was liable to several employees for back wages, plus twenty-percent interest and additional penalties.

Prime appealed to the District Court of Oklahoma county under the Administrative Procedures Act, 75 O.S.1991 §§ 301, et seq. The District Court affirmed, on the ground that Prime had violated the Little Davis–Bacon Act, and Prime appealed to this Court. The appeal was assigned to Division 3 of the Court of Appeals. In a not for publication opinion, the Court of Appeals affirmed the Commissioner's determination.

On September 28, 1995, Prime filed a Petition for Rehearing in the Court of Appeals in which it claimed that the Little Davis—Bacon Act was unconstitutional, and asked for an additional twenty days to brief the issue. The Court of Appeals denied both Prime's motion for extension of time and its petition for rehearing on October 6, 1995. On October 10, 1995, we handed down our decision in *The City of Oklahoma City v. The State of Oklahoma ex rel. Oklahoma Department of Labor,* 918 P.2d 26 (Okla.1995), in which we declared the Little Davis–Bacon Act unconstitutional. The next day, October 11, Prime filed an application to vacate the Court of Appeals's order denying Prime's petition for rehearing and motion for additional briefing time on the ground that this Court had declared the Little Davis–Bacon Act unconstitutional. The Court of Appeals denied Prime's application on October 17.

Prime filed a petition for certiorari in this Court on November 1, 1995. The sole issue raised by Prime's petition for certiorari is whether our opinion in *City of Oklahoma City* should be applied retroactively to this matter. Prime claims that we should apply *City of Oklahoma City* retroactively. The Commissioner did not file an answer to Prime's petition, and has not otherwise resisted Prime's claim in this Court. We granted certiorari on June 7, 1996.

## DISCUSSION

In *City of Oklahoma City,* we held the Little Davis–Bacon Act was unconstitutional because it delegated to the federal government power to determine prevailing wage rates without setting a standard for the exercise of that power. We held that this unconstitutionality permeated the entire Act, so that the Act was void in its entirety.

In our supplemental opinion on rehearing in *City of Oklahoma City* we held that our ruling would apply retroactively to all prevailing wage claims "pending in the pipeline on October 10, 1995." 918 P.2d at 33. Our definition of claims in the "pipeline" included

---

1. Okl., 918 P.2d 26, 31 (1995) (67 OBJ 1693)(supplemental opinion on rehearing).

claims "pending ... in the appellate process" on October 10, 1995, as was this appeal. *Id.,* Note 1.

Prime's employees' rights rose or fell exclusively on whether the Little Davis–Bacon Act was constitutional. As Prime's employees' claims were in the pipeline on October 10, 1995 and the Little Davis–Bacon Act is unconstitutional, the Commissioner's determination that Prime had violated the Act was void and unenforceable.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT'S JUDGMENT REVERSED AND COMMISSIONER OF LABOR'S DETERMINATION SET ASIDE.

KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

SIMMS, J., concurs by reason of *stare decisis.*

ALMA WILSON, C.J., and OPALA, J., dissent.

OPALA, Justice, with whom WILSON, Chief Justice, joins, dissenting.

This case started as an administrative proceeding before the Labor Commissioner [Commissioner] to debar a subcontractor, Prime Electric Co., Inc. [Subcontractor or Prime], from public work for its failure to pay prevailing wages to several laborers on a public-construction job. Today's opinion holds that these laborers' claims were in the "pipeline" created by the supplemental opinion on rehearing in *City of Oklahoma City et al. v. State ex rel. Oklahoma Dept. of Labor*[1] [*City* ] and hence fall under this court's axe of constitutional invalidation. *City* teaches that the sentence of nullity pronounced in that case shall govern all constitutional challenges to prevailing-wage clauses, interposed by *public construction builders* (payors under the main contract), whose claims, counterclaims or cross-claims were pending in the *pipeline* on October 10, 1995.[2]

---

2. The supplemental opinion on rehearing, *supra* note 1, which gives our pronouncement in *City*

In a debarment proceeding[3] based on Subcontractor's alleged underpayment of wages, the Commissioner determined that Subcontractor had violated the prevailing-wage law.[4] The Commissioner's August 13, 1995 order debarred Subcontractor from performing work on public projects for two years and found it liable for underpaid wages. Both the district court and Court of Appeals affirmed this disposition. Today's pronouncement vacates the Court of Appeals' opinion, reverses the trial court's decision and sets aside the Commissioner's order.

I dissent from the court's holding that the laborers' claims *in this cause* have pipeline status. Today's decision rests on the erroneous notion that because Prime (1) pressed the clause's invalidity in its petition for rehearing before the Court of Appeals and (2) its appeal was in the decisional process on October 10, 1995, Subcontractor's challenge was timely made. This rationale is incorrect for two reasons. A challenge interposed on rehearing comes much too late, and it is highly doubtful that Subcontractor would have had standing to assail the prevailing-wage clause if its attack had been timely made.

# I

## SUBCONTRACTOR'S CHALLENGE TO THE PREVAILING–WAGE CLAUSE, INTERPOSED FOR THE FIRST TIME IN THE REHEARING STAGE OF ITS APPEAL, CAME MUCH TOO LATE

Subcontractor's challenge to the constitutionality of the prevailing-wage clause, first interposed at the rehearing stage before the Court of Appeals, was not timely pressed. Nonjurisdictional issues, urged for the first time on rehearing, are generally deemed unfit for appellate review.[5]

# II

## ON THIS RECORD, SUBCONTRACTOR WOULD NOT HAVE HAD STANDING TO CHALLENGE THE CONSTITUTIONALITY OF THE PREVAILING–WAGE CLAUSE IF ITS ATTACK HAD BEEN TIMELY LAUNCHED *UNLESS* SUBCONTRACTOR COULD SHOW THAT IT WAS ECONOMICALLY HARMED BECAUSE ITS GENERAL CONTRACTOR'S UNDERTAKING WAS ENTITLED TO PIPELINE STATUS AND SUBCONTRACTOR'S CLAIM TO RECOVER FULL CONTRACT PRICE STOOD IMPAIRED BY THAT POSTURE

Only an "aggrieved" party may have standing to challenge the validity of its con-

limited retrospective reach, states in pertinent part:

"*** (a) public-construction contracts negotiated and executed before the date of the of the opinion [October 10, 1995] shall be impervious to an attack upon the constitutionality of their prevailing-wage clauses and (b) contracts, like those described in subparagraph (a), though negotiated before but executed after the opinion's date, shall be equally safe from attack absent proof of a postopinion downward contract price adjustment (that would reflect a pre-execution rejection of the prevailing-wage clause).... Regardless of the date a contract was negotiated and executed, ... the opinion's declaration of invalidity will govern this case and *all other public builders' constitutional challenges* of the prevailing-wage clause's validity, which stood pending in the litigation pipeline on October 10, 1995." (Emphasis added.)

**3.** The debarment phase of the administrative proceeding below is, of course, governed by the law in force at the time the debarment order was issued. Subcontractor would hence be bound by

the prevailing-wage obligation *unless*, as discussed later in this writing, the general contractor's undertaking was in fact in the pipeline at the critical time and Subcontractor's claim to recover its full contract price stood impaired by the general contract's pipeline status. *See* discussion in Part II.

**4.** 40 O.S.1991 §§ 196.1–196.14 (the now condemned Little Davis–Bacon or Prevailing Wage Act).

**5.** *See City, supra* note 1 at 365; *Brigance v. Velvet Dove Restaurant,* Okl., 756 P.2d 1232, 1234 (1988); *Pirrong v. Pirrong,* Okl., 552 P.2d 383, 387 (1976); *Pointer v. Hill,* Okl., 536 P.2d 358, 361 (1975); *Brown v. State Election Bd.,* Okl., 369 P.2d 140, 151 (1962); *Hope v. Peck,* 38 Okl. 531, 134 P. 33 (1913). For similar federal jurisprudence, see *Wills v. Texas,* — U.S. —, 114 S.Ct. 1867, 128 L.Ed.2d 488 (1994)(O'Connor, J., concurring); *Hoover v. Ronwin,* 466 U.S. 558, 574 n. 25, 104 S.Ct. 1989, 1998 n. 25, 80 L.Ed.2d 590 (1984); *Radio Station WOW v. Johnson,* 326 U.S. 120, 128, 65 S.Ct. 1475, 1480, 89 L.Ed. 2092 (1945).

tract's prevailing-wage clause. Standing must be predicated on economic harm.[6] Prime incurred the obligation of paying the then-prevailing wage under an undertaking that presumably factored that wage into the contract price. By accepting the benefits of that contract, Prime is estopped from denying its undertaking's validity.[7] Inasmuch as, on this record, Subcontractor has shown no harm suffered from the assumed obligation, it has no standing to challenge the infirmity of the prevailing-wage clause. Moreover, the prudential bar of restraint commands that constitutional issues not be resolved in advance of strict necessity.[8]

This record does not reveal, and we cannot say, that our *City* opinion protects Subcontractor's refusal to comply with the prevailing-wage obligation. There is absolutely no proof that (a) the *main contract* between the public builders (Noble Research Center at Oklahoma State University and I.L.S. Training Facility at the Federal Aviation Administration Center in Oklahoma City) and the Subcontractor's general contractor on the job was in the pipeline on October 10, 1995 (when *City* was handed down) and (b) if in fact it was in that pipeline, whether Subcontractor's claim to recover its full contract price stood impaired by the general contract's pipeline posture.

## SUMMARY

Because at the time this case was reached for trial neither the parties nor the judge assigned to the case had the benefit of our October 10, 1995 *City* pronouncement (and of the subsequent supplemental opinion on rehearing), I would counsel the court today to vacate the Court of Appeals' opinion, reverse the trial court's order and remand this cause for further proceedings at nisi prius to afford Subcontractor an opportunity to show that (a) *its general contractor's undertaking for payment of the then-prevailing wage does indeed rest in the pipeline* and hence came to be invalidated by *City* and (b) this invalidation impairs Subcontractor's ability to recover the full contract price. Nothing less would give this Subcontractor standing to attack, as infirm, its promise to pay the prevailing wage.

---

6. Standing must be predicated on an *injury to an interest* which is "direct, immediate and substantial." *Democratic Party of Oklahoma v. Estep,* Okl., 652 P.2d 271, 274 (1982); Application of *State ex rel. Dept. of Transp.,* Okl., 646 P.2d 605, 609 (1982); *Underside v. Lathrop,* Okl., 645 P.2d 514, 517 (1982); *Cleary Petroleum Corp. v. Harrison,* Okl., 621 P.2d 528, 530 (1980).

7. The terms of 15 O.S.1991 § 75 are:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting."

*D.W.L., Inc. v. Goodner–Van Engineering Co.,* Okl., 373 P.2d 38, 42 (1962); *Carlisle v. National Oil & Development Co.,* 108 Okl. 18, 234 P. 629, 630 (1924); *Shawnee Nat. Bank v. Purcell Whole-*

sale *Grocery Co.,* 34 Okl. 34, 124 P. 603, 608 (1912).

8. *In re Snyder,* 472 U.S. 634, 642–643, 105 S.Ct. 2874, 2880, 86 L.Ed.2d 504 (1985); *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 501–502, 105 S.Ct. 2794, 2801, 86 L.Ed.2d 394 (1985); *I.N.S. v. Chadha,* 462 U.S. 919, 937, 103 S.Ct. 2764, 2776, 77 L.Ed.2d 317 (1983); *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); *Wright v. Grove Sun Newspaper Co.,* Okl., 873 P.2d 983, 990 n. 31 (1994); *In re Initiative Petition No. 347 State Question No. 639,* Okl., 813 P.2d 1019, 1037 (1991) (Opala, C.J., concurring); *Smith v. Westinghouse Elec. Corp.,* Okl., 732 P.2d 466, 467 n. 3 (1987); *Schwartz v. Diehl,* Okl., 568 P.2d 280, 283 (1977); *Dablemont v. State, Department of Public Safety,* Okl., 543 P.2d 563, 564–565 (1975).