**PARK VIEW HOSPITAL TRUST AUTHORITY, a Public Trust, Appellant,**

v.

**The STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF LABOR; David Renfro, Commissioner of Labor, Appellees.**

No. 81539.

Supreme Court of Oklahoma.

Oct. 1, 1996.

Richard M. Fogg, Kelley L. Cornelius, Fogg, Fogg & Handley, El Reno, for Appellant.

Michael M. Sykes, Oklahoma Department of Labor, W.A. Drew Edmondson, Attorney General of Oklahoma, James Robert Johnson, Assistant Attorney General, Oklahoma City, for Appellees.

LAVENDER, Justice.

After learning that the then Oklahoma Commissioner of Labor took the position a contemplated building project to enlarge and update its hospital facilities would be subject to the Oklahoma Minimum Wages on Public Works Act, 40 O.S.1991, § 196.1 et seq. (the Little Davis–Bacon Act), appellant, Park View Hospital Trust Authority, sued appellees—the Oklahoma Department of Labor and its Commissioner—for a declaration it was not a public body subject to that Act and for an injunction enjoining appellees from enforcing the Act against it. On counter-motions for summary judgment the trial court granted summary judgment to appellees and ruled appellant was a public body, as that term is defined at 40 O.S.1991, § 196.2(6), and that the proposed hospital construction project would fall under the Act. The Court of Appeals in a 2–1 unpublished Memorandum Opinion affirmed and appellant sought certiorari in this Court, which we previously granted. In view of our recent decisions in *City of Oklahoma City v. State,*

918 P.2d 26 (Okla.1995), and *Prime Electric Co., Inc. v. Oklahoma State Department of Labor,* 921 P.2d 363 (Okla.1996), we now vacate the Memorandum Opinion of the Court of Appeals, reverse the judgment of the trial court and remand to that court with a direction to dismiss the action.

In that this matter was pending in this Court at the time of our decision in *City of Oklahoma City* of October 10, 1995 and at the time of our Supplemental Opinion on Rehearing in *City of Oklahoma City* [918 P.2d at 31] of May 14, 1996, this Court issued an Order directing the parties to file briefs detailing their positions on what effect, if any, this Court's decisions in *City of Oklahoma City* have on the disposition of the instant appeal. Both sides to this appeal filed their positions in such regard.

Appellant responded, taking the position *City of Oklahoma City* should be applied to this appeal and that such application should result in reversal of the trial court's judgment against it and a remand to that court with an instruction to dismiss. In support of its position appellant informs this Court that no actual work has begun on the contemplated project, that no contracts have been negotiated or entered into and no expenses for labor or services have been incurred. In essence, appellant's bottom line position is that because there is no longer a viable constitutional Act to be enforced and the project has not yet actually been implemented by contractual agreement, there is no Act which the Commissioner of Labor can now enforce against it and there is no longer a justiciable controversy involved in this matter.

Appellees, in their response, admit that no contract was entered into by appellant prior to initiation of the action in the district court. They also acknowledge in the response that appellant has advised them that no contract

in regard to the contemplated project has been entered "to-date".[1] Appellees take the position, however, that we should not apply *City of Oklahoma City,* but that we instead should decide the appeal only on the issue previously raised (i.e. whether appellant is a public body under the Act) primarily because appellant has not previously raised any constitutional challenge to the Act.

In *City of Oklahoma City,* we held the Little Davis–Bacon Act unconstitutional because it delegated power to the federal government to determine prevailing wage rates without setting a standard for exercise of that power. 918 P.2d at 29–30. The entirety of the Act was held unconstitutional. 918 P.2d at 30–31. In *Prime Electric Co., Inc.* we applied our ruling of unconstitutionality to a case pending on appeal at the time of our initial decision (October 10, 1995) in *City of Oklahoma City. Prime Electric Co., Inc.,* 921 P.2d at 365. We held that where employees' rights to certain wages rose or fell on whether the Little Davis–Bacon Act was constitutional, and the matter was pending on appeal at the time of our decision in *City of Oklahoma City,* our ruling of unconstitutionality would be applied to hold void a Commissioner of Labor's determination that employer had violated the Act by failing to pay certain wages as specified in the Act. *Prime Electric Co., Inc.,* 921 P.2d at 364–365.[2]

In the present appeal we likewise believe our determination of unconstitutionality handed down in *City of Oklahoma City* should be applied to this appeal. We can see no principled distinction which would call for application of our sentence of unconstitutionality in *Prime Electric Co., Inc.* on the one hand and a refusal to apply it to the instant

---

**1.** Appellees' response referenced in the text was filed in this Court on June 13, 1996.

**2.** In *Prime Electric Co., Inc. v. Oklahoma State Department of Labor,* 921 P.2d 363 (Okla.1996), the first time employer challenged the constitutionality of the Little Davis–Bacon Act was in a petition for rehearing filed in the Court of Appeals about two weeks prior to our October 10, 1995 decision in *City of Oklahoma City v. State,* 918 P.2d 26 (Okla.1995). *Prime Electric Co.,*

*Inc.,* 921 P.2d at 365. At such time employer did not brief the constitutional issue, but requested an extension of time to do so. Both the petition for rehearing and request for extension of time were denied by the Court of Appeals. *Id.* An application to vacate these denials by the Court of Appeals filed the day after our decision in *City of Oklahoma City* was also denied by the Court of Appeals. *Prime Electric Co., Inc.,* 921 P.2d at 365.

appeal on the other, given the present posture of this case.[3]

Accordingly, we **VACATE** the Memorandum Opinion of the Court of Appeals, we **REVERSE** the judgment of the trial court which granted summary judgment to appellees and we **REMAND** to the trial court with a direction to dismiss this action.

KAUGER, V.C.J., and HODGES, LAVENDER, HARGRAVE, SUMMERS and WATT, JJ., concur.

ALMA WILSON, C.J., concur in result.

SIMMS and OPALA, JJ., concur in judgment.

OPALA, Justice., with whom SIMMS, Justice, joins, concurring in judgment.

Today the court (a) *reverses* the trial court's summary declaration that Park View Hospital Trust Authority [Authority] is a public body subject to the Oklahoma Minimum Wages on Public Works Act [Act][1], (b) *remands* the cause and *directs* the trial court to dismiss Authority's action, and (c) *vacates* the Court of Appeals' opinion. The court's pronouncement rests on its decision in *City of Oklahoma City v. State*,[2] which condemns as unconstitutional the Act's prevailing-wage provisions (effective October 10, 1995) and settles the prospective reach of the opinion.[3] While I join in the court's judgment, I must recede from its pronouncement.

I would hold that the *central issue* tendered below for declaratory judgment— *whether Authority is a public body within*

the meaning of the Act—was mooted by City's sentence of nullity and, at once, ceased to be the subject of a lively controversy. I would hence direct that the action be dismissed because *no effective relief can be granted Authority on this issue* and no other issues remain to be litigated.

**I.**

### THE TEACHINGS OF *CITY* AND ITS PROGENY

*City*[4] teaches that the sentence of nullity pronounced in that case shall govern all constitutional challenges to prevailing-wage contract clauses, interposed by public construction builders, whose claims, counterclaims or cross-claims were pending in the litigation pipeline on October 10, 1995. In *Prime Electric Co., Inc. v. Oklahoma State Dept. of Labor*,[5] the central issue was whether *City* applied retrospectively to certain laborers' claims based on a prevailing-wage contract clause. The court held that the laborers' claims in that case were in the pipeline (created by *City's* supplemental opinion on rehearing) and hence fell under that decision's axe of constitutional invalidation.[6]

We are not called upon to test here the validity of *any* public construction contract by the prospectivity yardstick crafted in *City* or by the standards of *Prime*. *There is no executed contract tendered for our review.* The focus in this case is *solely* on whether our pronouncement in *City* rendered Authority's quest for relief by declaratory judgment moot.

---

3. We also note that assuming no contract has been negotiated or entered into and no expenses for labor or services have been incurred at present, any decision by us concerning the issue of whether appellant is a public body under the Little Davis–Bacon Act would be meaningless in light of our determination of unconstitutionality in *City of Oklahoma City*. In such regard, we are aware of no doctrine and none has been cited to us by appellees which would presently require appellant to enter into a contract which would be controlled by an Act that has been declared unconstitutional.

1. 40 O.S.1991 § 196.1 (the so-called Little Davis–Bacon Act).

2. Okl., 918 P.2d 26 (1996).

3. For *City's* prospective reach, see *supra* note 2 at 32–33 (supplemental opinion on rehearing).

4. *City, supra* note 2 at 32–33.

5. Okl., 921 P.2d 363 (1996).

6. See *Prime, supra* note 5 at 366 (Opala, J., dissenting), where I refused to join in the court's holding that a laborer's claim could not withstand the employer-subcontractor's constitutional attack on the prevailing-wage clause, although the challenge *was not rested* on the invalidity of the general contract for the job in question and was *first launched at the rehearing stage in the Court of Appeals*.

## II

### THE MOOTNESS DOCTRINE

Mootness is a state or condition which prevents the appellate court from rendering effective relief.[7] Where, as here, after an appeal has been commenced, conditions arise which preclude an appellate decision from affording any effective relief, the appeal will be dismissed for mootness.[8] A viable controversy must exist at all stages of review—both on appeal and certiorari.[9] This court will neither decide abstract or hypothetical questions disconnected from affording actual relief nor make determinations *when no practical relief is possible.*[10] This is the essence of the law's mootness doctrine. Oklahoma jurisprudence recognizes but two "escape hatches" from its strictures—the public-interest[11] and the likelihood-of-recurrence[12] exceptions. Neither exception is present here. *City*'s sentence of nullity makes unlikely, if not indeed impossible, any future recurrence that would evade our review.

When this action was initiated below, there *was a justiciable controversy over Authority's status as a public body* that would be subject to the prevailing-wage provisions of the Act.[13] This very issue was pending before us on certiorari when *City* held that post-October 10, 1995 public construction contracts were no longer to be governed by the prevailing-wage clause. *City's* pronouncement fully mooted the core of this controversy. Since no contract had yet been negotiated or entered into, the contest over Authority's status as a public body within the meaning of the Act no longer presents a legally viable controversy.

### SUMMARY

I would simply hold that the central issue tendered *below*—Authority's status as a public entity—stands mooted by this court's after-promulgated jurisprudence. No effective relief can be afforded or is needed. For a declaratory judgment to issue (or be subject to review as a lively controversy), there must be a dispute which calls, not for an advisory

7. A viable controversy is one in which an appellate court can grant effective relief. *Morton v. Adair County Excise Bd.*, Okl., 780 P.2d 707, 711 (1989); *Rogers v. Excise Board of Greer County*, Okl., 701 P.2d 754, 761 (1984).

8. *Lawrence v. Cleveland County Home Loan Auth.*, Okl., 626 P.2d 314, 315 (1981) *Hamilton v. Investment Towers Corporation*, Okl., 489 P.2d 488, 490 (1971); *Wolfe v. Hart's Bakeries, Inc.*, Okl., 460 P.2d 950, 952 (1969); *Edwards v. Hanna Lumber Co.*, Okl., 415 P.2d 980, 981 (1966); *Carlton v. State Farm Mutual Automobile Ins. Co.*, Okl., 309 P.2d 286, 289–290 (1957); *Duncan v. Sims*, Okl., 277 P.2d 145, 146 (1954); *City of Tulsa v. Chamblee*, 188 Okl. 94, 106 P.2d 796, 798 (1940); *Westgate Oil Co. v. Refiners Production Co.*, 172 Okl. 260, 44 P.2d 993, 994 (1935); *In re Protest Against Referendum Petition No. 5*, 185 Okl. 393, 92 P.2d 374, 375 (1939); *Ham v. McNeil*, 27 Okl. 773, 117 P. 207 (1911).

9. *Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977); *DeFunis v. Odegaard*, 416 U.S. 312, 316–317, 94 S.Ct. 1704, 1705–1706, 40 L.Ed.2d 164 (1974).

10. A dispute ceases to present a lively "case or controversy" when the tendered issues are abstract, hypothetical or have become moot. *Rogers, supra* note 7 at 761; *Lawrence, supra* note 8 at 315; *Edwards, supra* note 8 at 981; *Westgate, supra* note 8 at 994; *Payne v. Jones*, 193 Okl. 609, 146 P.2d 113, 116 (1944); *Wallace v. McClendon*, 144 Okl. 39, 289 P. 354 (1930); *De-*

*Funis, supra* note 9, 416 U.S. at 316, 94 S.Ct. at 1705. In *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975), the Court held there must be a lively controversy *not only at the time the complaint is brought, but also when the case is reached for review on appeal or certiorari.* "For a declaratory judgment to issue, there must be a dispute which 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts.' " *Ashcroft, supra* note 9, 431 U.S. at 172, 97 S.Ct. at 1740 (quoting from *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242, 57 S.Ct. 461, 465, 81 L.Ed. 617 (1937)).

11. *Westinghouse Elec. Corp. v. Grand River Dam Auth.*, Okl., 720 P.2d 713, 720 (1986); *Lawrence, supra* note 8 at 315–316; *Application of Goodwin*, Okl., 597 P.2d 762, 764 (1979); *Special Indemnity Fund v. Reynolds*, 199 Okl. 570, 188 P.2d 841, 842 (1948); *Peppers Refining Co. v. Corporation Commission*, 198 Okl. 451, 179 P.2d 899, 901 (1947); *Payne, supra* note 10 at 116.

12. *Morton, supra* note 7 at 711; *Lawrence, supra* note 8 at 315–316; *In re D.B.W.*, Okl., 616 P.2d 1149, 1151 (1980).

13. The Commissioner of Labor informed Authority in 1991 that, if its building program costs exceeded $600,000, it was required to pay the prevailing wage. Authority challenged that view by denying that it was a public body subject to the Act's prevailing-wage provisions.

opinion upon a hypothetical basis, but for an adjudication of *present rights* upon established facts.

I would hold the controversy moot and order the declaratory judgment action dismissed for that reason.