2013 OK CIV APP 60

**LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, Petitioner/Appellant,**

v.

**CHESAPEAKE ENERGY CORPORATION, Respondent/Appellee.**

No. 107589.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 23, 2013.

John E. Barbush, John E. Barbush, P.C., Oklahoma City, OK, for Petitioner/Appellant Louisiana Municipal Police Employees' Retirement System.

James R. Webb, McAfee & Taft, A Professional Corporation, Oklahoma City, OK, Robert P. Varian, M. Todd Scott, Lily I. Becker, Orrick, Herrington & Sutcliffe, L.L.P., San Francisco, CA, for Respondent/Appellee Chesapeake Energy Corporation.

LARRY JOPLIN, Chief Judge.

¶ 1 Petitioner/Appellant Louisiana Municipal Police Employees' Retirement System (LMPERS or Petitioner) seeks review of the trial court's order denying its Petition for Writ of Mandamus, by which it sought the

inspection of books and records of Respondent/Appellee Chesapeake Energy Corporation (Chesapeake or Respondent). In this review proceeding, LMPERS challenges the trial court's judgment as affected by errors of both law and fact, and an abuse of discretion.

¶2 In December 2008, the Board of Directors for Defendant Chesapeake awarded the company's founder, Chief Executive Officer and Chairman, Defendant Aubrey McClendon, a new, five-year contract and multi-million dollar compensation package. In March 2009, as owner of a large block of Chesapeake stock, LMPERS commenced the instant action by filing of its petition for writ of mandamus in the trial court, citing as authority, 18 O.S. § 1065, and seeking the inspection of Chesapeake's Board minutes and other books and records concerning the compensation package award. The trial court denied the petition, holding the information sought was publicly available in Chesapeake's corporate filings with the Securities Exchange Commission. LMPERS commenced the instant appeal, and the case was assigned to this Court for resolution.

¶3 Beginning in April 2009, other institutional owners of Chesapeake stock commenced separate derivative actions in the trial court against Chesapeake and the individual members of its Board of Directors, and the trial court consolidated the several actions for disposition. Collectively, the institutional plaintiffs challenged the Chesapeake Board's compensation package to McClendon as in breach of its fiduciary duties to the company and shareholders. The trial court denied the petitions, finding the plaintiffs had not made a pre-suit demand of Board to correct or modify the award of compensation, and had not shown the futility of such a demand, fatal to its prayer for inspection of corporate records, and the other institutional plaintiffs appealed. *New Orleans Employees' Retirement System, et al. v. McClendon, et al.,* Case No. 108,146.

¶4 While the appeals stood pending, the institutional plaintiffs and the Chesapeake defendants entered into settlement negotiations. The parties sought, and we granted, a stay of proceedings in this case pending settlement.

¶5 In August 2011, the institutional plaintiffs and the Chesapeake defendants entered into a Memorandum of Understanding setting forth the terms of settlement. At about the same time, the Court of Civil Appeals issued its opinion in Case No. 108,146 to affirm the trial court's dismissal of claims. The institutional plaintiffs filed their Petition for Certiorari to the Oklahoma Supreme Court, and sought a stay of proceedings pending settlement, which the Supreme Court granted pending our decision in this case.

¶6 In September 2011, the owners of one hundred thirty four (134) shares of Chesapeake stock (hereinafter, the Objectors) commenced a derivative action in Federal court, and shortly thereafter, Chesapeake notified them of the pending settlement. Dissatisfied with the terms of settlement negotiated by the institutional plaintiffs and the Chesapeake Defendants, Objectors requested additional information which was not provided. Objectors sought expedited discovery in the Federal court, which the Federal court denied, choosing rather to defer further action pending approval of settlement in the trial court.

¶7 In November 2011, the institutional plaintiffs and the Chesapeake defendants filed a joint motion for preliminary approval of the negotiated settlement. In January 2012, Objectors filed their written objections to approval of the settlement, and also filed an application for limited discovery, seeking information relating to the fairness, adequacy and reasonableness of the settlement. The institutional plaintiffs and the Chesapeake defendants responded, setting forth the efforts each undertook to assure the fairness of the settlement, including the inspection of books and records, and significantly, resulting in the agreement to reform the rules of corporate governance.

¶8 On January 30, 2012, the trial court conducted a "fairness hearing." Recalling its previous holding concerning the availability of information concerning the compensation awarded McClendon in the corporate filings with the SEC, the trial court refused Objectors' request for expedited discovery, and refused to permit further introduction of evidence on the fairness issue. Upon consideration of the parties' submissions and argu-

ments by the institutional plaintiffs and the Chesapeake defendants, the trial court approved the settlement.

¶ 9 Objectors appealed. *Louisiana Municipal Police Employees' Retirement System, et al. v. McClendon, et al.,* Case No 110,426. The Supreme Court directed consideration of this case and Case No. 110,426 as companion cases.

¶ 10 In that respect, we have today issued our opinion to affirm the trial court's order approving settlement in Case No. 110,426, thus terminating all litigation between the institutional plaintiffs and the Chesapeake defendants. Having affirmed the trial court's order approving the settlement negotiated and agreed-to by LMPERS, the other institutional plaintiffs and the Chesapeake defendants, we can grant no meaningful relief to LMPERS on its claim to inspect Chesapeake's books and papers. *See, e.g., Edwards v. Hanna Lumber Co.,* 1966 OK 20, ¶¶ 5–6, 415 P.2d 980, 981.

¶ 11 The order staying proceedings in this case is consequently VACATED, and this appeal is therefore DISMISSED.

BELL, P.J., and HETHERINGTON, J. (sitting by designation), concur.